[No. G033250. Fourth Dist., Div. Three. Dec. 17, 2004.]

JOHN ELSENHEIMER, Petitioner, v.
SALLY ELSENHEIMER, Respondent;
ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,
Intervener and Appellant.

## Counsel

Bill Lockyer, Attorney General, James M. Humes, Assistant Attorney General, Thomas R. Yanger and Sharon Quinn, Deputy Attorneys General, for Intervener and Appellant.

No appearance by Petitioner.

No appearance by Respondent.

## OPINION

**RYLAARSDAM, Acting P. J.**—This appeal arises out of an order reducing the amount of child support to be paid by the noncustodial parent based on the custodial parent's receipt of Supplemental Security Income (SSI) benefits. The question presented by the Orange County Department of Child Support Services (DCSS), which intervened below, appears to be one of first impression: Whether income derived from SSI payments must be excluded from the calculation of a parent's annual gross income under the exception set forth in Family Code section 4058, subdivision (c). This provision states, "Annual gross income does not include . . . income derived from any public assistance program, eligibility for which is based on a determination of need." We conclude that income derived from SSI payments falls within this exception. We therefore reverse the order and remand the matter for the court to recalculate the amount of child support to be paid by the noncustodial parent.

### FACTS

John Elsenheimer (father) and Sally Elsenheimer (mother) divorced in 1997; mother presently has custody of their two children 51 percent of the time. Mother is unemployed due to a disability and receives SSI benefits in the amount of $778 per month. In September 2003, father sought a modification of an earlier child support order, asserting a material change in circumstances based in part on mother's receipt of SSI benefits. At the hearing on the petition, DCSS argued the court could not consider these benefits as income in calculating the amount of child support to be paid. The court disagreed noting, "[Mother] could not be required to pay support out of it, but . . . it would still be imputed income to her." After factoring in the SSI payments as part of mother's gross annual income, the court reduced the amount of father's child support payments from $1,308 to $465.

### DISCUSSION

■ While we typically review a court's order modifying child support payments for abuse of discretion, questions involving statutory interpretation are reviewed de novo. (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1150–1151 [62 Cal.Rptr.2d 466].) DCSS argues mother's SSI payments constitute income derived from a "public assistance program" within the meaning of subdivision (c) of Family Code section 4058 and thus should not

have been included as part of mother's annual gross income. Our construction of the statute compels us to agree.

■ The basic principles of statutory construction require that we "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].) ■ In doing so, we turn "first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence," avoiding a construction that would render some words surplusage. (*Id.* at pp. 1386–1387.) ■ "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.]" (*Id.* at p. 1387.)

■ With these principles in mind, we start our analysis by reviewing the language of the statute at issue. Section 4058 of the Family Code sets forth the framework for calculating a parent's annual gross income for purposes of determining court-ordered child support under the state uniform guideline. (Fam. Code, § 4058, subd. (a).) The statute provides "[t]he annual gross income of each parent means income from whatever source derived, except as specified in subdivision (c) . . . ." (Fam. Code, § 4058, subd. (a).) The list of sources of income set forth in subdivision (a), while not exhaustive, expressly includes "disability insurance benefits" and "social security benefits." (Fam. Code, § 4058, subd. (a)(1).) Subdivision (c) creates an exception providing that "[a]nnual gross income does not include income derived from . . . any public assistance program, eligibility for which is based on a determination of need." (Fam. Code, § 4058, subd. (c).)

Read together, in light of DCSS's argument, these provisions present a conflict. In other words, if SSI payments are included within the terms "social security benefit" or "disability insurance benefit" under Family Code section 4058, subdivision (a)(1), are such payments nevertheless excludable income based on the public assistance program exception set forth in subdivision (c)? Because the programs and the corollary benefits at issue were established by federal law, we turn there first to understand how they differ.

■ Under federal law, SSI benefits are clearly distinguishable from Social Security benefits and Social Security disability insurance benefits. A person "become[s] insured for social security benefits as a result of [the person's] work in covered employment." (20 C.F.R. § 404.202 (2004); see *Social Security Board v. Nierotko* (1946) 327 U.S. 358, 361 [90 L.Ed. 718, 66 S.Ct. 637]

[Social Security "benefits are . . . calculated on wages"].) Such benefits include "old-age and disability benefits for [the person] and benefits for [the person's] dependents and survivors . . . ." (20 C.F.R. § 404.202 (2004).) Similarly, disability insurance benefits are paid to those persons who are insured, as a result of payroll tax contributions, as well as disabled. (*Ibid.*)

■ In contrast, "[t]he Supplemental Security Income Program is a federally funded welfare program administered through the Social Security Administration." (*Califano v. Jobst* (1977) 434 U.S. 47, 57, fn. 17 [54 L.Ed.2d 228, 98 S.Ct. 95].) It was established by title XVI of the Social Security Act (42 U.S.C. § 1381 et seq.). (*Schweiker v. Wilson* (1981) 450 U.S. 221, 223 & fn. 1 [67 L.Ed.2d 186, 101 S.Ct. 1074].) Thus, unlike Social Security benefits or Social Security disability insurance benefits, which require past contribution by a wage earner, SSI "provides benefits to aged, blind, and disabled individuals who have income and resources below certain statutory amounts. [Citation.]" (*Termini v. Califano* (2d Cir. 1979) 611 F.2d 367, 368.)

■ In California, the Legislature has used different terminology to refer to the various kinds of benefits administered under the Social Security Act. Under Code of Civil Procedure section 704.080, subdivision (a)(2), the term "social security benefits" is all encompassing—it "means payments authorized by the Social Security Administration for regular retirement and survivor's benefits, supplemental security income benefits, coal miners' health benefits, and disability insurance benefits." In discussing a parent's obligation to apply for Social Security benefits on behalf of a potentially eligible child, Family Code section 4504, subdivision (a) refers to the receipt of "payments from the federal government pursuant to the Social Security Act . . . because of retirement or disability." Family Code section 17516 specifically refers to SSI payments as "benefits paid pursuant to Title XVI of the Social Security Act" in prohibiting their use to "satisfy a support obligation." This latter provision is consistent with federal law (42 U.S.C. §§ 407(a), 1383(d)(1)), which prohibits using Social Security or SSI benefits to enforce a money judgment.

Based on these few statutes, we are not able to conclusively determine whether the Legislature intended the term "social security benefits," as used in subdivision (a)(1) of Family Code section 4058, to include SSI benefits. And while Family Code section 17516 on its face prohibits collection of child support from SSI benefits, it does not preclude consideration of such benefits as part of a parent's annual gross income in determining the amount of child support to be paid.

We now consider whether it is reasonable to construe Family Code section 4058, subdivision (c) as including SSI benefits within the meaning of the

phrase "any public assistance program, eligibility for which is based on a determination of need." As DCSS points out, the exception set forth in Family Code section 4058, subdivision (c) on its face applies broadly to include *any* public assistance program, so long as eligibility for the program is based on a determination of the individual's need. Absent another statute restricting such an expansive reading of subdivision (c), this provision appears to encompass all need-based public assistance programs, including SSI.

We found only one provision in the Family Code defining the term "public assistance." That statute provides, " 'Public assistance' means any amount paid under the California Work Opportunity and Responsibility to Kids Act . . . , or any Medi-Cal benefit, for the benefit of any dependent child or the caretaker of a child." (Fam. Code, § 17000, subd. (j).) This definition, however, is limited to "the construction of [Division 17 (Fam. Code, § 17000 et seq.)]" relating to the enforcement of child and spousal support orders. (Fam. Code, § 17000.) Thus, by its own terms, Family Code section 17000, subdivision (j) does not define the term "public assistance program" as used in Family Code section 4058, subdivision (c).

■ Under Welfare and Institutions Code section 10061, " '[p]ublic assistance' and 'public assistance programs' refer to those public social service programs provided for in Part 3 of [Division 9 of the Welfare and Institutions Code]." These state programs provide aid and medical assistance to those in need, including those who are aged, blind, or disabled. (Welf. & Inst. Code, § 12000 et seq.) Under Welfare and Institutions Code section 12150, persons who are eligible for SSI benefits are also entitled to receive a state supplementary payment (SSP), the state's corollary supplement to SSI benefits. Insofar as SSP plainly constitutes a public assistance program, it is fair to say SSI benefits fit within that term as well.

■ SSI is also a need-based program. Eligibility for SSI is based on a person's status as aged, blind, or disabled and how much income the person has from other sources. (20 C.F.R. § 416.110.) "[T]he amount of income [the person has] is a major factor in deciding whether [he or she is] eligible for SSI benefits and the amount of [the] benefit." (20 C.F.R. § 416.1100 (2004).) Courts in other states have described the SSI program as "a social welfare program" with the intent of "assur[ing] that recipients' income is maintained at a level viewed by Congress as the minimum necessary for the subsistence of that individual. [Citation.]" (*Esteb v. Enright* (Ind.Ct.App. 1990) 563 N.E.2d 139, 141; see also *Tennessee Dept. of Human Services ex rel. Young v. Young* (Tenn. 1990) 802 S.W.2d 594, 597; *Marrocco v. Giardino* (2001) 255 Conn. 617, 630 [767 A.2d 720, 728].) In short, SSI benefits constitute income derived from a need-based public assistance program, and, as such, fall within the scope of subdivision (c) of Family Code section 4058.

■ We must now decide how best to harmonize subdivisions (a)(1) and (c) of Family Code section 4058, consistent with the statutory intent as a whole. "Where two provisions of a statute appear to be in conflict, the legislation should be construed, wherever possible, so as to harmonize its various elements and to reconcile the potentially conflicting provisions. [Citation.] It is only where apparently conflicting provisions cannot be harmonized that the provision which is found later in the statute or which is more specific controls the earlier or more general provision. [Citations.]" (*American Nat. Ins. Co. v. Low* (2000) 84 Cal.App.4th 914, 925 [101 Cal.Rptr.2d 288].)

■ "Broadly speaking, a specific provision relating to a particular subject will govern in respect to that subject as against the general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provisions relate [citation]. However, it is well settled that the statutes and codes blend into each other, and are to be regarded as constructing but a single statute [citation]. One should seek to consider the statutes not as antagonistic laws but as parts of the whole system which must be harmonized and effect given to every section [citations]." (*Natural Resources Defense Council, Inc. v. Arcata Nat. Corp.* (1976) 59 Cal.App.3d 959, 965 [131 Cal.Rptr. 172].)

To the extent Social Security benefits are included in both of the provisions at issue here, Family Code section 4058, subdivision (c) is the more specific of the two, as it includes only those Social Security benefits which are based on a determination of need. Thus, its inclusion of SSI benefits controls over the broader reference to Social Security benefits in Family Code section 4058, subdivision (a)(1). Such a construction further harmonizes the conflicting provisions with other statutes within the Family Code such as those providing that parents have a statutory duty to support their minor children (Fam. Code, § 3900) and that "[t]he financial needs of the children should be met through private financial resources as much as possible" (Fam. Code, § 4053, subd. (h)). The present case is a prime example of how the legislative intent expressed in these latter statutes would be undermined if SSI benefits were considered part of a custodial parent's annual gross income.

Here, the record shows mother was unable to provide adequate financial support for the children without father's assistance, despite receiving SSI benefits. Yet the court reduced the amount of support to be paid by father due to mother's receipt of these payments. The practical effect of the court's ruling was to transfer a significant portion of father's burden of meeting the children's needs to the government, presumably by requiring mother to apply for additional aid for the children. Excluding mother's SSI benefits from the calculation of her annual gross income would result in father having to resume greater financial responsibility for his children, consistent with the intent expressed in Family Code sections 3900 and 4053, subdivision (h).

The apparent conflict between subdivisions (a)(1) and (c) of Family Code section 4058 is best reconciled by construing subdivision (c) to include SSI benefits within the exception precluding courts from considering "income derived from any public assistance program, eligibility for which is based on a determination of need." Therefore, the court erred by disregarding the statutory prohibition set forth therein and including mother's SSI benefits as part of her annual gross income. The order modifying the amount of child support to be paid by father is reversed and the matter is remanded for further proceedings.

## DISPOSITION

The order is reversed, and the matter is remanded to the superior court to recalculate the amount of child support to be paid by the noncustodial parent. Appellant shall bear its own costs on appeal.

Fybel, J., and Ikola, J., concurred.