[No. D060733. Fourth Dist., Div. One. Sept. 5, 2012.]

In re S.M., a Person Coming Under the Juvenile Court Law.
THE COUNTY OF SAN DIEGO, Plaintiff and Respondent, v.
S.P., Defendant and Appellant.

**COUNSEL**

Donna Balderston Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, and Miriam E. Brewster, Deputy County Counsel, for Plaintiff and Respondent.

M. Elizabeth Handy, under appointment by the Court of Appeal, for Minor.

**OPINION**

**McINTYRE, J.**—In a juvenile dependency proceeding, a parent is liable for costs to the county for legal services rendered by an attorney appointed by a juvenile court to represent the parent and the minor in the dependency proceeding. (Welf. & Inst. Code, § 903.1; undesignated statutory references are to this code.) In this case, we conclude the juvenile court improperly considered Supplemental Security Income (SSI) benefits in determining a parent's ability to pay for such legal services. (§ 903.45, subd. (b) (section 903.45(b)).) Accordingly, we reverse the reimbursement order and remand the matter to the juvenile court for a new hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

The County of San Diego Office of Revenue and Recovery (the County) requested that S.P., the parent of the child at issue in this juvenile court dependency proceeding, pay for the cost of legal services incurred by her and the child in this matter. The letter asked that S.P. complete an attached financial statement and return it to the County. The letter also indicated that S.P. had a right to a hearing if arrangements to pay could not be made.

S.P. completed two financial statements for the County. The statements indicated her income source was "SSI/SSA" for a total of about $840 per month. The statements also listed her assets and monthly expenses. S.P.

requested a hearing after the county financial evaluation officer presumably concluded that she had the ability to pay for the cost of legal services incurred by her and the child in this matter.

At the hearing, S.P. appeared without counsel. A county representative requested that S.P. make monthly payments of $20 for the $3,225 that was owed. S.P. presented a document from the Social Security Administration showing that she received $420 per month in Social Security benefits and about $430 per month in SSI benefits. She also presented other documentary evidence showing her bills.

S.P. testified that she could not afford to pay $20 per month because "social security" was her only income. She admitted, however, that her sister helped pay her expenses. The juvenile court questioned S.P. regarding how she made payments of about $430 per month on her recently purchased 2011 Honda CR-V and $2,500 in furniture. S.P. claimed that renter's insurance paid for the furniture after her apartment flooded and she obtained a loan without a cosigner to purchase the car. The juvenile court ordered S.P. to pay reimbursement in the amount of $20 per month, finding that her testimony was not "believable." S.P. timely appealed from the reimbursement order. At oral argument, the parties represented that the juvenile court has since terminated jurisdiction.

## DISCUSSION

### I. *Right to Counsel*

S.P. asserts the juvenile court erred by failing to advise her of her right to counsel and further erred by implying she had no right to counsel. If she had the benefit of counsel at the hearing, S.P. claims she would have (1) introduced evidence to explain the car and furniture purchases and her student financial aid, (2) presented argument regarding the county's ability to use her disability funds to pay for legal services, and (3) challenged the amount due for legal services. We reject S.P.'s arguments because she received written notice of her right to appointed counsel prior to the juvenile court hearing.

 Subdivision (a) of section 903.1 makes a parent liable for legal costs rendered to the parent and the minor in juvenile court proceedings. Section 903.45 states the juvenile court shall order any person liable for the cost of legal services under section 903.1 to appear before a county financial evaluation officer for a financial evaluation of his or her ability to pay those costs. (§ 903.45(b).)

If the county financial evaluation officer determines that a person has the ability to pay all or part of the costs, the officer must petition the court for an

order requiring the person to pay that sum to the county. (§ 903.45(b).) If a person responsible for the minor's costs disagrees with the determination made by the county financial evaluation officer, that person is entitled to a hearing before the juvenile court. (§ 903.45(b).) Section 903.45(b) further provides that "[a]t the hearing, any person so responsible for costs shall be entitled to have, but shall not be limited to, the opportunity to be heard in person, to present witnesses and other documentary evidence, to confront and cross-examine adverse witnesses, to disclosure of the evidence against him or her, and to receive a written statement of the findings of the court. The person shall have the right to be represented by counsel, and, when the person is unable to afford counsel, the right to appointed counsel."

Here, the declaration of the county financial officer ordering S.P. to appear at the juvenile court hearing provided the required notice of her procedural rights; namely, that at the hearing, she had the right "to[] be heard in person, representation by counsel, present witnesses and other evidence, confront and cross-examine adverse witnesses, have the evidence against you disclosed, have a written statement of the findings of the court, and appointed counsel if you are unable to afford counsel." S.P. signed a receipt acknowledging she obtained the declaration containing the required notice of her procedural rights.

Although S.P. argues the juvenile court never reiterated her right to appointed counsel at the hearing, section 903.45 does not place such a duty upon the juvenile court. S.P. received written notice of her rights, including her right to appointed counsel, before the hearing. This is all the statute required. (Code Civ. Proc., § 1858 ["In the construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ."].) S.P. could have, but did not, request the appointment of counsel.

At the hearing, S.P. told the court that her attorney did not fill out the expense declarations, to which the juvenile court responded, "It's not her job. She doesn't represent you in the financial matters." S.P. cites this statement, arguing the juvenile court suggested she did not have the right to counsel at the hearing. We do not read the court's comment as a suggestion to S.P. that she had no right to counsel. Rather, S.P. received written notice to her right to appointed counsel and we have found nothing in the record showing she invoked this right. Accordingly, we reject S.P.'s argument that she was denied due process.

## II. *The Reimbursement Order*

■ A county financial evaluation officer and the court have the authority to evaluate a person's "ability to pay" legal fees in a dependency case. (§ 903.45(b).) In doing so, the county financial evaluation officer and the court are required to consider "the family's income, the necessary obligations of the family, and the number of persons dependent upon this income." (*Ibid.*) S.P. asserts the repayment order must be reversed because the juvenile court wrongly considered her SSI benefits and other resources as income. We examine each contention.

### A. *SSI Benefits*

S.P. presented evidence showing she received $420 per month in Social Security benefits and about $430 per month in SSI benefits. At the hearing, the juvenile court noted that S.P.'s only source of income was "social security." The court, however, did not differentiate between Social Security benefits and SSI benefits. This was error.

■ "Old-Age, Survivors, and Disability Insurance (OASDI) is a retirement insurance program for people working in the United States. Also known as Social Security, its purpose is to provide monthly benefits as a substitute for earned income to workers, their dependents, and their surviving dependents. Since social security is an insurance program, in essence, premiums—in the form of taxes—are deducted from a worker's paycheck in order to pay for coverage." (70A Am.Jur.2d (2000) Social Security and Medicare, § 22, pp. 143–144.) "Despite federal court decisions characterizing OASDI as a social welfare type of program, . . . the statutory right to OASDI benefits is directly related to the years worked and the amounts earned by the covered employee, rather than to his or her need (*Weinberger* v. *Wiesenfeld* [(1975)] 420 U.S. 636, 647 [43 L.Ed.2d 514, 524, 95 S.Ct. 1225])." (*In re Marriage of Hillerman* (1980) 109 Cal.App.3d 334, 340 [167 Cal.Rptr. 240].)

■ Additionally, disabled persons are entitled to benefits under two distinct programs administered by the Social Security Administration. (*Bowen* v. *City of New York* (1986) 476 U.S. 467, 469 [90 L.Ed.2d 462, 106 S.Ct. 2022] (*Bowen*).) "The Social Security Disability Insurance Program (SSD) . . . pays benefits to disabled persons who have contributed to the program and who suffer from a mental or physical disability." (*Id.* at pp. 469–470.) In contrast, "[t]he Supplemental Security Income Program (SSI) . . . provides benefits to indigent disabled persons." (*Id.* at p. 470.)

■ "The basic purpose underlying the [SSI] program is to assure a minimum level of income for people who are age 65 or over, or who are

blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level." (20 C.F.R. § 416.110 (2012).) Congress enacted the SSI program to provide "a subsistence allowance, under federal standards, to the Nation's needy aged, blind, and disabled." (*Schweiker v. Wilson* (1981) 450 U.S. 221, 223 [67 L.Ed.2d 186, 101 S.Ct. 1074]; see 42 U.S.C. §§ 1381–1383c.) SSI benefits "are so named because they *supplement* an individual's other sources of income. The Secretary totals the amount of income an individual receives from other sources, subtracts that amount from the minimum income level, and pays the SSI claimant the difference. Thus, 'the monthly rate is reduced by the amount of the individual's [other countable] income.' " (*Paxton v. Secretary of Health & Human Services* (9th Cir. 1988) 856 F.2d 1352, 1353.) Contrary to Social Security (Old-Age, Survivors, and Disability Insurance; OASDI) benefits and Social Security disability (SSD) benefits, SSI benefits are based on need, ensuring that the recipient maintains a minimally decent standard of living.

Here, the trial court found that S.P.'s only source of income was "social security" and it presumably considered these benefits in deciding her ability to pay legal costs. S.P. asserts the trial court erred by not differentiating between Social Security benefits and SSI benefits. S.P. supports her assertion by citing to Family Code section 4058, which sets forth the manner by which a trial court is to ascertain a parent's income for purposes of determining guideline child support amount. The County contends this authority does not support S.P.'s argument that SSI benefits cannot be considered income for purposes of determining her ability to pay legal fees in a dependency case. We reject the County's contention as we find S.P.'s authority to be persuasive.

■ For the purpose of determining guideline child support amount, Family Code section 4058 defines annual gross income as "income from whatever source derived" (Fam. Code, § 4058, subd. (a)), including "disability insurance benefits" and "social security benefits" (Fam. Code, § 4058, subd. (a)(1)). However, subdivision (c) of Family Code section 4058 exempts from income any public assistance program that determines eligibility based on need. SSI benefits received by a custodial parent fall within the scope of this exception and should not be included in gross income for purposes of calculating child support. (*Elsenheimer v. Elsenheimer* (2004) 124 Cal.App.4th 1532, 1539–1541 [22 Cal.Rptr.3d 447].)

SSI payments are also statutorily exempt from levy for child support under Family Code section 17450 et seq. (Fam. Code, § 17450, subd. (c)(2); *In re Marriage of Hopkins* (2009) 173 Cal.App.4th 281, 287–288 [92 Cal.Rptr.3d

570].) Additionally, child support cases must be closed where the noncustodial parent receives SSI and has no other attachable income or assets. (Cal. Code Regs., tit. 22, § 118203, subd. (a)(5)(D).)

■ California law is clear that SSI benefits are not considered income for purposes of determining child support obligations. (Fam. Code, § 17450, subd. (c)(2); Cal. Code Regs., tit. 22, § 118203, subd. (a)(5)(D).) Based on this authority, we conclude that SSI benefits should not be considered in determining a person's "ability to pay" legal fees in a dependency case. (§ 903.45(b).) The basic purpose underlying the SSI program is to provide "minimal cash welfare benefits for the indigent blind, aged, and disabled." (*Schweiker v. Wilson, supra*, 450 U.S. at p. 240.) To consider SSI benefits as income subject to consideration in determining a person's ability to pay the cost of legal services would be antithetical to the purpose of the SSI program of assuring a minimum level of income for the indigent blind, aged, and disabled. In contrast, OASDI or SSD benefits are properly considered as income as these benefits are not need based; rather, individuals become entitled to these benefits after contributing into the specific program. (70A Am.Jur.2d, *supra*, Social Security and Medicare, § 22, pp. 143–144 [OASDI]; *Bowen, supra*, 476 U.S. at pp. 469–470; see Fam. Code, § 4058, subd. (a)(1).) (Our research has not uncovered any information regarding S.P.'s "SSA" benefits. To the extent her receipt of such benefits is based on need, they would be similar to SSI benefits.)

■ Because the juvenile court improperly considered S.P.'s SSI benefits in determining her ability to pay legal costs under section 903.45(b), we must reverse the court's order and remand the matter for a new hearing.

B. *Other Sources of "Income"*

S.P. claims the juvenile court wrongly considered her car, financial aid, an insurance check and help she received paying bills as income sources. To support this assertion, S.P. cites a federal regulation, 20 Code of Federal Regulations part 416.1103 (2012), used for income calculation for Social Security purposes. The County asserts the juvenile court properly considered the listed items because they were relevant to S.P.'s ability to make reimbursement payments. Because this matter must be remanded for a new hearing, we briefly address the parties' contentions to guide the juvenile court on remand.

■ In determining a person's ability to pay legal costs, the juvenile court must consider the size of a family and the family's income and debts. (§ 903.45(b).) We have found no California law defining "income" for purposes of determining a person's ability to pay for the cost of legal services

under section 903.45(b). While federal regulations defining income may not be binding on state courts, they can be considered as persuasive authority because they were designed to be interpretations of the statutes to which they point. (See *Estate of Atwell* (1948) 85 Cal.App.2d 454, 468 [193 P.2d 519].)

 To determine eligibility for SSI benefits and the amount of these benefits, the Secretary of Health and Human Services must calculate the income of SSI claimants. (*Cervantez v. Sullivan* (9th Cir. 1992) 963 F.2d 229, 230.) Accordingly, the secretary has promulgated detailed regulations to determine "income" for SSI purposes. (*Id.* at p. 231, citing 20 C.F.R. §§ 416.1100–416.1182 (2012).) There is no need for us to review these regulations in detail. Rather, we note that the regulations define what is considered to be income and what is not considered to be income for SSI purposes. (See 20 C.F.R. §§ 416.1102, 416.1103 (2012).) The juvenile court may properly consider these regulations in evaluating whether other resources listed in S.P.'s financial statement or argued during the hearing can be considered as "income" in determining her ability to pay legal costs.

 We express no opinion on whether S.P. has the ability to pay for the legal services. We also express no opinion on whether the juvenile court erred by failing to expressly consider whether repayment of legal service fees would hinder reunification because S.P. has since reunified with her child. Nonetheless, we note that a juvenile court is required to consider whether repayment would pose a barrier to reunification with the child or harm the ability of the parent to support a child that has been reunified with the parent. (§ 903.45(b).)

## DISPOSITION

The order is reversed and the matter is remanded for a new hearing under Welfare and Institutions Code section 903.1.

McDonald, Acting P. J., and O'Rourke, J., concurred.