Filed 4/3/14  In re I.S. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

In re I.S., a Person Coming Under the Juvenile Court Law.

| | |
|---|---|
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E059059 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ1300324) |
| v. | **OPINION** |
| I.S., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jacqueline C. Jackson, Judge.  Dismissed.

Grace Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Pamela J. Walls, County Counsel, and Julie Koons Jarvi, Deputy County Counsel, for Plaintiff and Respondent.

1

I.S. (Father) assaulted C.B. (Mother) in front of their four-year-old son, I.S., Jr. (I.). The Riverside County Department of Public Social Services (the Department) filed a Welfare and Institutions Code section 300[1] petition against Father. At the disposition hearing, the juvenile court found the allegations in the section 300 petition true, granted reunification services to Father, and ordered reimbursement of attorney fees under section 903.1.

Father appeals from the disposition order claiming that his due process rights were violated when the juvenile court ordered him to pay $300 in attorney fees without first appointing a county financial evaluation officer to determine his ability to pay and without advising him of his right to a full hearing pursuant to section 903.45. We conclude that Father's appeal is premature.

I

PROCEDURAL AND FACTUAL BACKGROUND[2]

A report was received by the Department on February 18, 2013 of domestic violence between Father and Mother. I., who was four years old, was interviewed and said he saw Father "push [Mother] down." Father admitted using methamphetamines in the past; his first drug test was negative. On March 12, 2013, Father was arrested for another domestic violence event against Mother. Father had tried to choke Mother and left red marks on her neck.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] Since Father only appeals the imposition of attorney fees we provide a brief procedural and factual background.

Mother was allowed to keep custody of I. after obtaining a temporary restraining order against Father.

On March 27, 2013, the Department filed a section 300 petition against Father. It alleged under section 300, subdivision (b) a failure to protect I. for committing domestic violence against Mother, a history of substance abuse and that Father had a criminal history. A hearing was held on March 28, 2013. Father, Mother and I. were appointed counsel. The juvenile court found a prima facie case and ordered that I. remain in Mother's custody but remain detained from Father. Father was granted reunification services and visitation.

In a jurisdiction/disposition report filed on April 22, 2013, the Department recommended that I. remain in the custody of Mother. Father would be given reunification services and Mother would be placed on family maintenance services. Father admitted he was the biological father of I. Father had an extensive criminal history, including several possessions of firearm charges. During this reporting period, Father had tested positive for methamphetamine and amphetamines. Father worked as a fiberglass/autobody mechanic and had been employed for two years.

At the contested hearing conducted on May 20, 2013, Father, who had been named the presumed father, submitted on the reports but requested that the disposition portion of the hearing be continued in order for him to enroll in more classes. The juvenile court found the allegations under the petition to be true. I. was to stay in the custody of Mother. The juvenile court noted, "Just as a side note, when mom and dad return in June, I'll need their JV-132s. I don't have those yet."

3

On June 11, 2013, the disposition hearing was conducted. No JV-132 forms were submitted. The juvenile court issued a permanent restraining order because Father had failed to enroll in a domestic violence class. The juvenile court then asked Father's counsel, "Okay. Oh, and father's income for JV-132 purposes?" Father's counsel replied, "He's currently working, income approximately - - his income is around 2,000." The juvenile court ruled, "Finds that mother is currently not working and unable to reimburse for her own or [I.]'s legal services. However, the Court is going to reserve the right to reconsider that if mother gains employment. [¶] For father, the Court is going to order $300 of reimbursement, 200 for his legal services, 100 for [I.]'s legal services. [¶] And the collection department will contact you, dad. That's not due immediately. Those are payments over time, okay."

II

AWARD OF ATTORNEY FEES

Defendant contends on appeal that he was denied his due process rights because prior to imposing attorney fees, he was entitled to an evaluation by a county financial evaluation officer as to his ability to pay the fees and a full hearing pursuant to the guidelines under section 903.45. We believe, viewing the record in its entirety, that the juvenile court complied with section 903.45 and that Father's appeal is premature.

Section 903.1, subdivision (a) provides that a father of a minor shall be liable for the cost to the county of legal services rendered to the minor and directly to the parent. Section 903.45 provides for the procedure to be followed in collecting that amount. Section 903.45 allows a county to designate a financial evaluation officer who is

4

empowered to hold hearings to determine if a parent or other person liable for support has the ability to pay, and to petition the court for an order requiring that person to pay. The parent has the right to notice and a hearing before the county financial evaluation officer as to the parent's ability to pay, and a right to contest the officer's determination before the juvenile court. (§ 903.45, subds. (a) & (b); see also *In re S.M.* (2012) 209 Cal.App.4th 21, 28.)

Here, the juvenile court followed this procedure by ordering that Father appear before the "collection department" to assess him. The juvenile court orally identified the amount of Father's and I.'s attorney fees. However, Father is under the mistaken impression that the court did not merely identify the amount of fees but also ordered payment of those fees. A proper interpretation of the events in the juvenile court is that the court identified the cost of the legal services provided and ordered Father to appear before the financial officer for an evaluation regarding his ability to pay. The minute order merely states, "County is authorized to collect reimbursement pursuant to section 903 WIC, et seq." No order for payment of attorney fees had yet been entered at the time of this appeal (or none appears in the record before this court), so we reject the challenge to the nonexistent order.

At this point, Father must appear before the collections department to determine his ability to pay. If he does not agree with the assessment of his ability to pay the $300, he can seek redress in the juvenile court (§ 903.45, subd. (b)). As such, Father's appeal is premature.

5

III

DISPOSITION

As there is no judgment or final order (§ 395) from which to appeal, the matter

will be dismissed as premature.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RICHLI _____
                                                                                J.


We concur:


RAMIREZ _____
                    P. J.


CODRINGTON _____
                    J.