Filed 12/18/14 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re the Marriage of MELINDA and DAVID DAUGHERTY. | |
| MELINDA DAUGHERTY,<br><br>     Appellant,<br><br>v.<br><br>DAVID DAUGHERTY,<br><br>     Respondent.<br><br><br>NAPA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>     Respondent. | A138872<br><br>(Napa County<br>Super. Ct. No. 26-28036) |

THE COURT:

The opinion filed herein on December 15, 2014 is ordered modified as follows. First, the caption is modified to add "In re the Marriage of MELINDA and DAVID DAUGHERTY."

Second, the attorney page is modified to add the name and title, "Catherine Ongiri, Deputy Attorney General" to the final listing. The full paragraph should now read:

Kamala D. Harris, Attorney General of California, Julie Weng-Gutierrez, Senior Assistant Attorney General, Linda M. Gonzalez, Supervising Deputy Attorney General, Catherine Ongiri, Deputy Attorney General, and Sharon Quinn, Deputy Attorney General, for Respondent.

Dated: _____      Signed: _____

2

Filed 12/15/14 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| MELINDA DAUGHERTY,<br><br>        Appellant,<br><br>v.<br><br>DAVID DAUGHERTY,<br><br>        Respondent;<br><br><br>NAPA COUNTY DEPARTMENT OF<br>CHILD SUPPORT SERVICES,<br><br>         Respondent. | A138872<br><br>(Napa County<br>Super. Ct. No. 26-28036) |

Melinda Daugherty appeals an order of the trial court modifying the child support paid by David Daugherty.[1]  She contends the court miscalculated David's support obligation by failing to include in his income derivative Social Security disability benefits Melinda receives on behalf of their children—benefits they are entitled to because of David's disability.  We shall affirm the order.

## I.  BACKGROUND

David and Melinda's two children lived with Melinda, and David paid child support.  The Napa County Department of Child Support Services filed a motion to modify David's child support obligation.  (Fam. Code,[2] § 17400 et seq.)

---

[1] Because Melinda Daugherty and David Daugherty share a last name, we shall refer to them by their first names.  We intend no disrespect by this designation.

[2] All undesignated statutory references are to the Family Code.

1

After a hearing, the court found that David's income, for purposes of calculating child support, was the monthly Social Security disability payment he received. The court then ordered him to pay a portion of that to Melinda as child support. The court also found Melinda received $796 per month in derivative Social Security disability benefits as the representative payee of the children based on David's disability. (42 U.S.C. § 402(d).) Melinda argued these benefits should be treated as part of David's income when calculating his monthly income for purposes of his support obligation. The court disagreed with Melinda's position and concluded the derivative benefits were the income of the children, not of David. Under the court's order, the $796 in derivative disability benefits would partially satisfy David's support obligation; the monthly benefits would be credited first toward his current child support, and any excess would be credited to pay off arrears.

## II. DISCUSSION

Melinda contends the trial court committed an error of law when it failed to treat the $796 in derivative disability payments as David's income for purposes of calculating his child support obligation.[3] For this argument, she relies on section 4058, subdivision (a), which provides in pertinent part that "[t]he annual gross income of each parent means income from whatever source derived," and that it includes Social Security benefits.[4]

The payments in dispute are paid to Melinda on behalf of the children as a result of David's disability pursuant to the federal Social Security Act, under which every child

---

[3] We review questions of law de novo. (*Elsenheimer v. Elsenheimer* (2004) 124 Cal.App.4th 1532, 1536–1537.)

[4] Section 4058, subdivision (a) provides in pertinent part: "The annual gross income of each parent means income from whatever source derived . . . and includes, but is not limited to, the following: [¶] (1) Income such as commissions, salaries, royalties, wages, bonuses, rents, dividends, pensions, interest, trust income, annuities, workers' compensation benefits, unemployment insurance benefits, disability insurance benefits, social security benefits, and spousal support actually received from a person not a party to the proceeding to establish a child support order under this article."

of an individual entitled to disability insurance benefits who meets certain requirements "shall be entitled to a child's insurance benefit." (42 U.S.C. § 402(d).)[5]

Melinda does not appear to contend that David should not have received credit for the amount of the derivative payments made on his behalf to the children, and indeed, such a contention would necessarily fail. Section 4504, subdivision (b), provides in pertinent part: "If the court has ordered a noncustodial parent to pay for the support of a child, payments for the support of the child made by the federal government pursuant to the Social Security Act . . . because of the retirement or disability of the noncustodial parent and received by the custodial parent or other child support obligee shall be credited toward the amount ordered by the court to be paid by the noncustodial parent for support of the child unless the payments made by the federal government were taken into consideration by the court in determining the amount of support to be paid." (See *In re Marriage of Denny* (1981) 115 Cal.App.3d 543, 553–554.)

Thus, the trial court did precisely what section 4504, subdivision (b) contemplates: it credited the amount of the derivative disability benefits toward David's child support payments *without* taking the payments into account in determining the amount of support he should pay.

Melinda offers no authority for her contention that the derivative benefits constitute David's income for purposes of section 4058, subdivision (a), and we are aware of none. As stated in *In re Marriage of Henry* (2005) 126 Cal.App.4th 111, 119, "[a]lthough the language of section 4058 is expansive, it is not limitless. Every type of income specified by section 4058, subdivision[] (a) . . . is money actually received by the support-paying parent . . . ." The payments at issue, however, were received not by David but by Melinda as the children's representative payee. Moreover, as we have noted, 42 U.S.C. section 402(d) provides that qualifying children of a disabled person "shall be entitled" to derivative benefits. That is, David was not entitled to the payments,

---

[5] When a beneficiary is under the age of 18, disability payments are generally made to a representative payee. (20 C.F.R. 404.2010(b).)

3

his children were.  Social Security regulations confirm that the child, not the disabled parent, is entitled to the child's benefits.  (20 C.F.R. 404.350 et seq.)  As explained in *In re Unisys Corp. Long-Term Disability Plan ERISA Litig.* (3d Cir. 1996) 97 F.3d 710, 716, Social Security disability benefits awarded to a disabled person's dependents "are deemed to be the property of the wife or child."

We conclude the trial court correctly omitted the children's derivative Social Security disability benefits in its calculation of David's income.

## III.    DISPOSITION

The order appealed from is affirmed.

4

_____

Rivera, J.

We concur:


_____

Ruvolo, P. J.


_____

Reardon, J.


A138872

Daugherty v. Daugherty  (A138872)

Trial court:　　　　　Napa County

Trial judge:　　　　　Hon. Philip A. Champlin

Attorneys:

Melinda Daugherty for Appellant

David Daugherty for Respondent

Kamala D. Harris, Attorney General of California, Julie Weng-Gutierrez, Senior Assistant Attorney General, Linda M. Gonzalez, Supervising Deputy Attorney General, and Sharon Quinn, Deputy Attorney General, for Respondent