Filed 2/21/24  Marriage of C.S. and G.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of C.S. and G.S. | D080539 |
| C.S., | |
| Appellant, | |
| v. | (Super. Ct. No. ED53926) |
| G.S. et al., | |
| Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Paula S. Rosenstein, Judge.  Affirmed.

C.S., in pro. per., for Appellant.

No appearance for Respondent G.S.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Maureen C. Onyeagbako and Darin L. Wessel, Deputy Attorneys General, for Respondent San Diego County Department of Child Support Services.

C.S. (Mother) appeals from an order following a de novo hearing that modified G.S.'s (Father) adult child support payments to their son, S.S. (Son).

She contends the court erred in (1) reducing monthly guideline support based on Son's receipt of Supplemental Security Income (SSI), (2) assessing the parties' respective incomes, and (3) denying additional attorney fees under Family Code section 2030.

We disagree. First, Mother raised many of the same arguments about the treatment of Son's SSI for purposes of adult child support in a prior appeal. (See generally *In re Marriage of C.S. v. G.S.* (Jan. 7, 2020, D071281) [nonpub. opn.] (*C.S. v. G.S.*).) Under the law of the case, Mother cannot show the trial court misconstrued the law and abused its discretion in reducing guideline support on this basis. Any error in the trial court failing to make express findings to substantiate its decision to depart from the guideline support calculation was harmless, as substantial evidence underpinned the court's implied findings.

Second, substantial evidence supports the trial court's income determinations, and we cannot, as Mother requests, reweigh or consider new evidence and arguments on appeal.

Finally, to the extent the trial court erred in failing to make express findings as to the parties' relative need and ability to pay before declining to award Mother further, "extraordinarily excessive" attorney fees, the error was not prejudicial. We thus affirm.

## I.

This appeal concerns a long-standing dispute over adult child support payments. Son is an adult with multiple mental health diagnoses who receives SSI as a result. He also has received court-ordered adult child support from Father over the years. (See *C.S. v. G.S.*, *supra*, D071281.)

While Mother's opening brief extensively details earlier hearings and orders, her notice of appeal only concerns a March 2022 order following a

2

de novo hearing. As we lack jurisdiction to revisit any prior orders, we recount only what is necessary for context. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.)

In October 2018, Mother moved to modify adult child support. Father was ordered to pay support retroactive to the start of 2019, without prejudice. Father subsequently moved to set to zero or reduce the adult child support.

In September 2020, a commissioner ruled the modified child support would be retroactive only to January 1, 2020. The commissioner ordered Father to pay $6,000 for Mother's attorney fees under section 2030. The commissioner deferred ruling on the competing modification requests pending additional evidence. In June 2021, the commissioner ordered Father to pay guideline support, concluding it was not appropriate "at this time" to reduce it dollar for dollar by Son's SSI. Both parties objected to the order.

In July 2021, the trial court refused to revisit the retroactivity limitation, as Mother's challenge was untimely. The court ordered Father to pay an additional $3,000 for Mother's fees.

In March 2022, the trial court held a de novo hearing on the remainder of the modification issues. The trial court admitted evidence and heard testimony regarding both parties' incomes for 2020 and 2021. The parties disputed Son's ability to maintain employment, the impact Son's SSI payments should have on his support, and whether the court should augment Mother's prior attorney fees awards. The trial court used software to calculate guideline support for 2020 and 2021. The trial court found the $9,000 in attorney fees previously awarded to Mother "sufficient" and declined "to award any more."

3

II.

Mother's opening brief appears to argue the trial court prejudicially erred in three primary ways: (1) in deducting $300 monthly from guideline support to account for Son's SSI; (2) in how it calculated her and Father's incomes; and (3) in failing to make statutorily required findings before denying her attorney fees request.

We review orders both modifying adult child support and denying attorney fees for abuse of discretion. (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1150-1151, 1166 (*Drake*).) This "is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.) Thus, we review the trial court's findings of fact for substantial evidence, its conclusions of law de novo, and its application of the law to the facts for abuse of discretion. (*Ibid.*) A court only abuses its discretion if "a judge could not reasonably have reached that decision under applicable law." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.) We do not reweigh evidence or evaluate credibility. (*In re Michael G.* (2012) 203 Cal.App.4th 580, 589.) And, as we presume the trial court's order is correct, the challenging party must show error affirmatively. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

With these principles in mind, we address Mother's arguments as best we can discern them. However, many of her claims impermissibly reargue the merits, address information outside the record, lack reasoned legal argument with citations to supporting case law, or fail to identify the supporting portions of the record. Thus, to the extent we do not address a claim, we consider it forfeited for one or more of these reasons. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520; *Allen v. City of Sacramento* (2015)

4

234 Cal.App.4th 41, 52; *Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081; Cal. Rules of Court, rule 8.204(a)(1)(B)-(C).)

A.

First, Mother contends the trial court erred in adjusting guideline support downward. Specifically, she claims the court (1) failed to state why the adjustment was in the "child's best interest," as required by the Family Code; (2) erred in offsetting support to account for Son's SSI payments, relying on *Elsenheimer v. Elsenheimer* (2004) 124 Cal.App.4th 1532 (*Elsenheimer*); (3) misinterpreted *Drake* as supporting the offset; and (4) failed to provide findings and a statement of reasons as required under sections 4053 and 4056, subdivision (a).

1.

In a prior order in this matter, the trial court reduced guideline support dollar for dollar by Son's SSI. (*C.S. v. G.S.*, *supra*, D071281.) Mother appealed, and this court affirmed. (See generally *id.*) Subsequently, a different trial judge ordered Father to pay guideline support with no reduction to account for Son's SSI. (*In re Marriage of C.S. and G.S.* (May 20, 2020, D073815) [nonpub. opn.].) The commissioner who initially ruled on the instant modification request did not adjust guideline support based on Son's SSI.

During the de novo hearing resulting in the challenged order, the trial court heard extensive, conflicting testimony and argument from Mother, her attorney, and Father about Son's ability to maintain work. Mother claimed Son was incapable of maintaining any employment. Mother's counsel had no "legal argument in opposition to . . . *Drake*." Father, meanwhile, advocated for an offset because: (1) between SSI and support payments, Son "doesn't

5

have the incentive to work" and (2) Son "needs to become self-supporting" so he does not ultimately become "a burden on society."  He claimed Son "got a very high recommendation" from his last employer.  The record contained multiple third-party determinations that Son was "capable of obtaining and maintaining work."

The trial record established Son's SSI payment was $783.00 per month until he held a job for approximately three months, at which time his SSI payment dropped to $398.90 per month.  Son's SSI payment was increased to $600.09 per month after his most recent employment ended.

Based on "the information . . . provided," *Drake*, and the appellate history in this matter, the trial court expressly found a dollar-per-dollar reduction was not "appropriate" and instead ordered a $300 per month decrease of guideline support to offset Son's SSI payments, effective January 1, 2020.

2.

As a threshold matter, we disagree with Mother's contentions that (1) the trial court's, Father's, and the Department of Child Support Services' (DCSS)[1] references to an unpublished prior appellate opinion in this matter are improper and (2) the prior trial court ruling in this matter declining to offset guideline support by Son's SSI "should supersede prior opinions" of this court.  This conclusion affects our analysis of Mother's remaining claims.

Although unpublished opinions generally cannot be relied on as precedent, there is an exception if "the opinion is relevant under the

---

[1]     Mother takes issue with DCSS filing a responsive brief because (1) it "is NOT the Respondent" and (2) Father should not get "FREE legal representation."  But DCSS, represented by the Attorney General, *is* a respondent.  (Fam. Code, § 17407, subd. (a)(1).)  Further, neither DCSS nor the Attorney General represents either parent.  (*Id.,* § 17406, subd. (a).)

6

doctrine[ ] of law of the case." (Cal. Rules of Court, rule 8.1115(a), (b)(1).) Under this doctrine, an *appellate court*'s statement of any principle or rule of law necessary to its decision in the same matter is the "law of the case," and the trial court must, and any subsequent court of appeal generally should, adhere to it going forward. (*Clemente v. State of California* (1985) 40 Cal.3d 202, 211.) The doctrine does not, however, apply to *trial court* rulings in the same matter. (*Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 788.)

Accordingly, the prior *trial court* order declining to offset guideline support by Son's SSI payment has no precedential value. And under the law of the case, the trial court, Father, and DCSS could properly reference the earlier *appellate court* decision affirming the reduction of support by Son's SSI payment. (*C.S. v. G.S.*, *supra*, D071281.) We, too, will adhere to any relevant statements of law in that opinion. To the extent Mother contends anyone violated rule 8.1115(c) of the California Rules of Court by failing to provide her and the trial court a copy of the prior appellate opinion, she is mistaken. That procedure is required only "[o]n request of the court or a party," and the record here does not disclose anyone made such a request. (Cal. Rules of Court, rule 8.1115(c).)

3.

We now turn to the trial court's alleged errors in reducing guideline adult child support.

In *C.S. v. G.S.*, this court detailed the law relevant to calculating and awarding adult child support. (*C.S. v. G.S.*, *supra*, D071281.) We noted trial courts have discretion to reduce—contrary to Mother's contention—guideline support to adult children with independent income, including the *adult child*'s SSI. (*C.S. v. G.S.*, *supra*, D071281, citing *Drake*, *supra*,

7

53 Cal.App.4th at pp. 1162-1163.) We distinguished this holding from that in *Elsenheimer*, on which Mother relied then and does again now, which holds a *parent*'s SSI cannot be considered income for purposes of child support obligations. (*C.S. v. G.S.*, *supra*, D071281, citing *Elsenheimer* 124 Cal.App.4th at p. 1536.) We further explained the "best interests of the child" are not relevant to awards of support to adult, rather than minor, children. (*C.S. v. G.S.*, *supra*, D071281, citing Fam. Code, § 3910, subd. (a); *In re Marriage of Cecilia & David W.* (2015) 241 Cal.App.4th 1277, at pp. 1285-1286; *In re Marriage of Drake* (2015) 241 Cal.App.4th 934, 940.)

Mother reraises many of her same arguments from *C.S. v. G.S.* without identifying any subsequent changes in the relevant law or any other reason that might justify departing from our prior statements of law. The law of the case is thus fatal to Mother's substantively unchanged arguments that the trial court erred in (1) applying *Drake* rather than *Elsenheimer* or (2) not accounting for Son's best interests.

We do, however, address Mother's claim that a court departing from the guideline support calculation must state in writing or on the record (1) "findings," (2) a statement of reasons, and (3) its conclusion that guideline support is unjust or inappropriate. The first and second requirements are one and the same, as "courts routinely refer to the requisite 'information' or 'statement of reasons' as required 'findings.'" (Hogoboom and King, Cal. Practice Guide: Family Law (The Rutter Group 2023) ¶ 6:497.) Mother provides no support, other than a block quotation from an unspecified "Judges Bench Guide," for the third point, nor have we located any; this argument is therefore forfeited.

Here, assuming express findings are required in adult child support orders departing from the guideline amount, any shortcomings in the court's

statement of reasons were harmless. As we recognized in *C.S. v. G.S.*, we may imply missing findings "reasonably implicit in other findings," and their omission is harmless if supported by substantial evidence. (*C.S. v. G.S.*, *supra*, D071281.) The testimony of even a single party witness can be substantial evidence requiring affirmance. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 (*Mix*).)

On this record, we can and do imply the trial court (1) did not credit Mother's testimony that Son is incapable of holding a job, and (2) credited Father's testimony that an offset was required to incentivize Son to become self-supporting so he would not eventually become a public charge. The court impliedly found the guideline support calculation was inappropriate as a result. The $300 monthly deduction is roughly in line with the difference in Son's SSI payments when working and when not. Such an offset falls squarely within the sound exercise of the trial court's discretion and is supported by substantial evidence. Accordingly, we are unpersuaded by Mother's first argument on appeal.

## B.

Mother next challenges how the trial court assessed both her and Father's incomes for purposes of calculating guideline support.

## 1.

In February 2020, Father retired, triggering—despite Mother's claim to the contrary—a contractual requirement that he sell his stock holdings back to the company in exchange for a 10% upfront payment of $93,385 and a promissory note paying the remaining balance of $831,466.35 plus interest over 120 months. Father and his second wife purchased the stock with $416,331.28 from Father's personal funds. Father said he paid Son's adult child support on these funds. Father's 2020 tax return shows proceeds of

$923,852 from the sale, the sum of the upfront payment and remaining balance, with a cost basis of $416,331 and capital gains of $507,521. Father also testified the upfront payment was to offset the tax consequences from the sale. Father's 2020 tax return reflects total tax of $130,811. In 2021, Father received only the promissory note payments and social security retirement benefits as income.

In calculating Father's 2020 income, the trial court omitted the upfront payment for the stock buyback. For both 2020 and 2021, the court also counted only the long-term capital gains on the stock, rather than the full sale price, as income. Mother's counsel did not object to this approach.

In calculating Mother's 2020 and 2021 income, the court used her tax returns. For both years, it added her unemployment compensation and wages and disregarded various claimed deductions. Mother's counsel agreed with this approach, and Mother admitted "the taxes [for 2020] are messed up with the [$]15,000 of deductions."

2.

Mother raises many challenges to these income calculations on appeal. Most, however, we consider forfeited and thus decline to address. For example, Mother's claim she was prejudiced by a lack of funds to hire a forensic expert (1) is unsupported by citations to the record and legal authority and (2) challenges rulings preceding the March 2022 order at issue here; it is thus forfeited. Similarly, Mother's claims that the court erred in (1) adding back deductions from Mother's tax returns while accepting Father's deductions; (2) not "address[ing the] fluctuating prime rate" for purposes of Father's interest income; and (3) failing to impute income to Father because he chose to retire and accepted a promissory note for the stock buyback either impermissibly seek to relitigate issues on the merits or

10

are unsupported by citations to the record or supporting legal authority; they are thus forfeited, too.

To the extent Mother claims the court should have required Father to pay adult child support on the full stock purchase all at once in 2020, we disagree. As Father only realizes income from the stock buyback with each monthly payment, the court acted well within its discretion in allocating the income from the stock purchase over the life of the note. (See, e.g., *In re Marriage of Pearlstein* (2006) 137 Cal.App.4th 1361, 1375.) It is only then the money is "actually received" and thus "income." (§ 4058, subd. (a)(1).)

Mother primarily argues the trial court should have (1) not limited income to Father's capital gains and (2) included the upfront payment as short-term gains in 2020. She claims no substantial evidence establishes Father paid adult child support on the money he invested in stock, arguing Father "rarely if ever paid child support based on his bonus[e]s." Father, however, testified he did. That testimony, which the trial court credited, is substantial evidence supporting the decision to count only Father's capital gains as income. (*Mix*, *supra*, 14 Cal.3d at p. 614.) Similarly, Father testified that the upfront payment from his employer for the stock was intended to offset the tax consequences of the sale, which triggered payment of tax on the full capital gains in 2020. Substantial evidence, including Father's tax return, supports this claim. It was not error for the court to refuse to award support on this sum and instead treat it as a portion of Father's returned principal. We thus discern no abuse of discretion in the court's treatment of Father's stock in calculating his income.

Finally, to the extent Mother claims Father failed to explain in a written declaration why the trial court should deviate from guideline support, she fails to explain how this lack of a written declaration prejudiced her.

11

Without prejudice, there is no reversible error. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.) "It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Accordingly, we are also unpersuaded by Mother's second challenge.

C.

Finally, Mother argues the trial court reversibly erred in failing to determine the parties' respective financial need and ability to pay before denying her request for additional attorney fees.

1.

Before and during the de novo hearing, the parties addressed the factors Mother complains the trial court failed to assess. Before the hearing, Mother filed a comprehensive request for attorney fees, including a memorandum of points and authorities addressing these factors. Father opposed, arguing (1) the attorney fees sought were excessive, (2) he is a retiree living month to month, and (3) he has no easily liquidated assets. At the hearing, Mother's counsel argued Father's income was five times greater than Mother's and Father could liquidate his retirement account. Father responded Mother "is college educated" but "elects not to get a good job," he could not liquidate the identified funds, and he lives off his monthly social security retirement and promissory note payments.

Mother's counsel additionally claimed "substantial litigation," including ex parte hearings and discovery motions, justified the requested $75,000 in attorney fees. The trial record included redacted billing statements for the requested sum. Father claimed Mother, as a vexatious litigant, "drag[s] a lot of information into" litigation, and he did not "know why [he] should be

12

responsible" "if her lawyer cannot control her input and just keeps charging up the time."

The court concluded "[t]here is nothing that complicated about this case" and the requested additional attorney fees were "extraordinarily excessive"; thus, the $9,000 previously awarded was "sufficient." The trial court noted Mother's "vexatious litigant" status and observed that her counsel billed roughly 40 hours, totaling $15,000, to prepare for the three-hour de novo hearing.

2.

Family Code section 2030 seeks to ensure each party in certain proceedings has access to legal representation if there is a disparity in financial circumstances. (§ 2030, subd. (a)(1).) When a party requests attorney fees under this section, "the court shall make findings" about whether awarding fees is "appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties." (*Id.*, subd. (a)(2).) If the court finds "disparity in access and ability to pay, the court shall" award fees. (*Ibid.*) In addition, the trial court "shall augment or modify the original award . . . as may be reasonably necessary for the prosecution . . . of the proceeding." (§ 2030, subd. (c).)

The findings specified in subdivision (a)(2) must be expressly written or stated on the record. (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050.) Here, however, the trial court did not make express findings as to disparity in access to funds and ability to pay. Even so, a lack of explicit findings is prejudicial only if "there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would

13

have been reached." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574.)

Here, we conclude the trial court's failure to make these findings was harmless. The court had before it substantial evidence relevant to these issues; thus, construing the record in the light most favorable to the judgment, as we must, we infer the court credited Father's testimony and evidence about his access to liquid funds over Mother's. (*Estate of O'Connor* (2017) 16 Cal.App.5th 159, 163.) We discern no abuse of discretion.

Further, the court had before it substantial evidence about the attorney fees charged and the issues litigated and, as a result, expressly found the requested additional attorney fees "extraordinarily excessive." Although Mother summarily contends otherwise, an award of attorney fees should be limited to what is "reasonably necessary," making overlitigation a legitimate ground to refuse a request to award or augment attorney fees. (§ 2030, subd. (c); *In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 356.)

Construing the record in the light most favorable to the judgment, we again infer the court applied its own knowledge of billing rates and practices and the complexity of similar matters before it in assessing the reasonableness of the requested fees. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) This practice, too, is a proper exercise of the trial court's discretion. (*Ibid.*) Mother's unsupported arguments on appeal that the fees were high due to court delays do not persuade us otherwise. Although Mother argues she "was prejudiced by not having the attorney in the beginning[,]" the only attorney fees decision before us is the final one, and we cannot revisit earlier orders denying or postponing Mother's requests. Finally, to the extent Mother contends she was entitled to attorney fees

14

under section 3557, or sanctions, that issue was not before the trial court; we therefore decline to address it here.

In sum, on this record, the trial court's conclusion that the previously awarded attorney fees were "sufficient" was not an abuse of discretion, and it is not reasonably probable the court would have decided otherwise had it made explicit findings as to the parties' access to funds and ability to pay. Accordingly, we are unpersuaded by Mother's third argument on appeal.

### III.

We affirm. Father and DCSS are entitled to their costs on appeal, if any.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

KELETY, J.