[No. H024865. Sixth Dist. Sept. 11, 2003.]

COUNTY OF SANTA CLARA, Plaintiff and Appellant, v.
OMAR WILSON, Defendant and Respondent.

COUNSEL

Bill Lockyer, Attorney General, James M. Humes, Assistant Attorney General, Frank N. Furtek and Mary A. Roth, Deputy Attorneys General Attorneys for Plaintiff and Appellant.

Pro Bono Project Silicon Valley Kenneth Grant and Richard de Blois for Defendant and Respondent.

OPINION

**MIHARA, J.**—Plaintiff County of Santa Clara (the County) challenges the superior court's order eliminating four months of child support arrears that accrued prior to defendant Omar Wilson filing a modification motion. The County contends that the court lacked the power to forgive accrued child support arrears. Wilson claims that the court had the equitable power to do so. ■ We conclude that the court lacked the equitable power to forgive accrued child support arrears in violation of Family Code section 3651, subdivision (c) in response to Wilson's modification motion and reverse the court's order.

## I. BACKGROUND

In September 1998, the County filed an action against Wilson seeking an order requiring him to pay $381 per month in child support for his nine-year-old child. Service of the summons and complaint on Wilson was not accomplished until October 2000. In April 2001, the County obtained a default judgment against Wilson requiring him to pay $381 per month in child support beginning in October 1998. Wilson was served with the judgment in June 2001.

In April 2002, Wilson filed a motion seeking a modification of the child support judgment. His motion was not accompanied by an income and expense declaration, a financial statement or a property declaration. The motion asked the court to set ongoing child support at "$0 for months incarcerated" and requested that the "arrears" be "set to $0" for months during which Wilson *had been* incarcerated. Wilson's attorney declared under penalty of perjury that Wilson "has been incarcerated continuously from October 26, 2000 to present" and, "[b]ecause of [his] incarceration, [he] has been, and will continue to be, unable to pay child support payments pursuant to the current order."

The County opposed Wilson's motion with respect to the arrears, but it conceded that support should "be modified effective the date of filing the

notice of motion." A representative of the County declared under penalty of perjury that the County "received notice of [Wilson's] incarceration in July, 2001" and that Wilson had "also notified [the County of his incarceration] in a letter postmarked 11-17-01." The County argued that the court lacked the power to forgive any accrued arrears.

The court believed that it had the power to forgive accrued arrears "[b]ased on the equities involved" because "this is still a court of equity." The court reduced Wilson's child support obligation to zero effective "12-01-01" and ordered that it would be reinstated at $381 per month upon his release from incarceration. Wilson's child support arrears were estimated at the time of the order to be $18,192.72. The County filed a timely notice of appeal from the order.

## II. Analysis

"Except as provided in subdivision (b) [which is not relevant here], a support order may not be modified or terminated as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate." (Fam. Code, § 3651, subd. (c).) Although a court may not "disturb the accrual of payments under the original [child support] judgment," it does have some equitable powers regarding the *enforcement* of the judgment. (*Parker v. Parker* (1928) 203 Cal. 787, 796 [266 P. 283].) "The court ha[s] equitable discretion to determine whether and to what extent the original support provision should be enforced by execution." (*In re Marriage of Sandy* (1980) 113 Cal.App.3d 724, 728 [169 Cal.Rptr. 747].) Of course, the present action is not a child support enforcement action by the County but a modification motion by Wilson. So the court's equitable powers in child support enforcement actions are not at issue.

Wilson relies on *In re Marriage of Dancy* (2000) 82 Cal.App.4th 1142 [98 Cal.Rptr.2d 775] (*Dancy*). The Fourth Appellate District's decision in *Dancy* concerned an action brought in 1995 to *collect* child support arrearages that had accrued prior to 1987. (*Dancy*, at p. 1146.) Laches was asserted as a defense to the collection action. (*Dancy*, at p. 1147.) In *Dancy*, the Fourth District, citing *In re Marriage of Lusby* (1998) 64 Cal.App.4th 459 [75 Cal.Rptr.2d 263], stated, "child support *proceedings* ... are equitable proceedings in which the trial court is permitted the broadest discretion in order to achieve fairness and equity." (*Dancy*, at pp. 1148–1149.) *Dancy's* broad brush statement that courts have broad equitable powers regarding child support is not supported by *Lusby*. *Lusby*, another Fourth District decision, noted that a " 'court in child support proceedings, *to the extent permitted by the child support statutes*, must be permitted to exercise the broadest possible discretion in order to achieve equity and fairness in these most sensitive and emotional cases.' " (*Lusby*, at p. 471, italics added.)

Obviously, *Lusby* did not hold that a court in *any action involving child support* may *violate a child support statute* in the name of equity. Even the *Dancy* court acknowledged the limitations of equity. Immediately after the statement it supported with the citation to *Lusby*, the *Dancy* court stated: "Moreover, although accrued arrearages are treated like money judgments that may not be retroactively modified, the trial court nevertheless retains equitable discretion in determining whether and the extent to which original support provisions *should be enforced."* (*Dancy, supra,* 82 Cal.App.4th at p. 1149, italics added.) Since *Dancy* was an *enforcement* action, rather than, as here, a modification motion, the trial court in *Dancy* did possess equitable powers so long as those powers were not inconsistent with the child support statutes. (See *In re Marriage of Copeman* (2001) 90 Cal.App.4th 324 [108 Cal.Rptr.2d 801]; *Dupont v. Dupont* (2001) 88 Cal.App.4th 192 [105 Cal.Rptr.2d 607].) Neither *Dancy* nor any other case holds that a court's equitable powers with respect to child support extend beyond enforcement actions or permit the violation of child support statutes.

As the retroactive modification of accrued child support arrearages is statutorily barred and the court lacked the equitable power to violate this statute in response to Wilson's modification motion, the court erred in reducing Wilson's arrearages.

### III. DISPOSITION

The trial court's order is reversed, and the trial court is directed to amend its order to reinstate the arrearages for the months beginning with December 2001 up until the filing of Wilson's motion in April 2002. The parties shall bear their own costs on appeal.

Rushing, P. J., and Wunderlich, J., concurred.