[No. C056534. Third Dist. Oct. 21, 2008.]

EL DORADO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, Plaintiff and Respondent, v. JERRY B. NUTT, Defendant and Appellant.

COUNSEL

Jerry B. Nutt, in pro. per., for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Douglas M. Press, Assistant Attorney General, Paul Reynaga and Sharon Quinn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MORRISON, J.**—The El Dorado County Department of Child Support Services (County) filed a complaint for child support against incarcerated prisoner Jerry B. Nutt. The court found Nutt owed a duty of support, but found he presently has no income and so reserved jurisdiction on the amount of support.

On appeal, Nutt asks us to find him "exempt" from all current and future support obligations. We decline and shall affirm the judgment.

## BACKGROUND

At all times relevant here, Nutt was incarcerated at Mule Creek State Prison. He received a 50-year-to-life sentence in 1997 under the three strikes law, and he will be eligible for parole in 2045.

In May 2006, the County filed a complaint against Nutt to establish paternity and child support, when the minor child was 12 years old. It did not seek child support in any particular amount: its proposed judgment regarding Nutt's parental obligations "reserved" the amount of monthly support.

Nutt submitted a declaration in which he averred he is "unable to earn, nor does the prison system at my current incarceration offer me the availability of a job, in which I can earn minimum wage or otherwise pay for support of" the minor.

Nutt admitted paternity, and testing established it.

At the hearing on the County's motion to enter judgment on its complaint, the court found that paternity had been established and ruled Nutt is "going to be [in prison] until long after the child is emancipated, so unless he . . . starts receiving income of some sort, he is not going to be ordered to pay any money." However, the court granted the County's request for an order that Nutt provide health insurance coverage for the minor "should it become available at reasonable cost."

The judgment entered thereafter ordered Nutt to pay child support, but reserved judgment on the amount.

Nutt moved to modify the child support order. He asked that the child support case be "closed"—and his theoretical obligation to pay support or health insurance costs in the future eliminated—because he has no money, no prison job, and no prospect of ever having one.

The County responded that federal regulations prevent its closing this case.

The court denied Nutt's motion. It reasoned that, although "as long as he remains incarcerated he will not have to provide child support," jurisdiction over the matter of future support should be reserved because "if by some unforeseen circumstance, he would be released before the child is 18, become employed, start earning income, then the County would be able to come back and collect child support . . . ." Likewise, "[t]he order for him to provide health insurance is only if it becomes available to him, which is not as long as he is in prison. He can't be ordered to pay health insurance as long as he is in prison."

## DISCUSSION

Nutt was not ordered to pay any child support. Yet, he contends the trial court erred in reserving issues related to his obligation to pay child support or health care insurance.

■ The statewide uniform guideline for determining child support permits the court, in lieu of using evidence of a parent's actual income, to impute income to a parent based on his or her earning capacity. Earning capacity, in turn, requires that the parent have both the ability and the opportunity to work. Accordingly, a court may not impute income to an incarcerated parent in the process of calculating amounts owed in child support, absent evidence that he has the ability and opportunity to work in prison. (*State of Oregon v. Vargas* (1999) 70 Cal.App.4th 1123 [83 Cal.Rptr.2d 229] (*Vargas*); see also *In re Marriage of Smith* (2001) 90 Cal.App.4th 74 [108 Cal.Rptr.2d 537].)

Relying on *Vargas*, Nutt insists the court should have found him "exempt" from any obligation for support or health insurance by virtue of his incarceration. However, *Vargas* involved support obligations actually imposed—and, presumably, accruing arrearages—during the period of incarceration, despite a lack of evidence the incarcerated parent could generate an income to satisfy those obligations. (*Vargas, supra*, 70 Cal.App.4th at p. 1125.) *Vargas* did *not* involve what is at issue here: parental responsibility imposed in the abstract only, with no determination or imposition of any monthly obligation so long as the parent remains incarcerated. Accordingly, we do not consider *Vargas* authority for the proposition that the trial court erred in this case. (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689] [cases are not authority for propositions they do not consider].)

Moreover, one case that followed *Vargas* suggests the court's action here was proper. In *In re Marriage of Smith, supra*, 90 Cal.App.4th 74, the husband and wife separated in 1997 after 16 years of marriage and two children. The superior court entered a judgment of decision upon a marital settlement agreement, by which the husband agreed to give the wife his one-half interest in a 401(k) retirement plan, to be credited toward his support obligation until the interest was exhausted. (*Id.* at pp. 77–78.) The support amount was based on the assumption that the husband was still working at his job, but in 1998, the husband pleaded guilty to federal child pornography charges and was incarcerated. (*Id.* at p. 78.) When the money from his 401(k) plan ran out the next month and his wife began working, the county moved to modify the husband's child support obligation. (*Ibid.*) The husband testified he had no job in prison and was unable to pay anything. (*Ibid.*) The county argued his obligation should continue nonetheless because he, rather than his family, should bear the burden of his criminal act. The superior court, citing *Vargas*, concluded the husband had zero earning capacity *and suspended his support obligation*. The county appealed; the Court of Appeal affirmed the order as consistent with the rule of *Vargas*. (*Id.* at pp. 82–87.)

What the court did here is not unlike the trial court's action in *In re Marriage of Smith, supra*, 90 Cal.App.4th 74: both properly refrained from

imputing an income to an incarcerated parent in the calculation of child support obligations, and suspended the obligation to pay support during incarceration. Nutt is not, as he suggests, being held to a standard of implied or imputed earning capacity. The court instead accepted Nutt's declaration that he has no income, and he was not ordered to pay any support amount. Nor was he ordered to provide any health insurance coverage now; the court merely directed that he must do so in the future, if it becomes available to him at a reasonable cost.

Under these circumstances, Nutt has shown no error.

■ Though perhaps unlikely, it is not impossible that Nutt will have the ability or opportunity in the future to generate an income with which he may provide some support or health insurance for his child. The court did not err in finding he has an obligation to do so, even if that obligation cannot be satisfied now.

### DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Raye, J., concurred.