Filed 11/21/13  Marriage of Owen CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of REBECCA and MARTIN OWEN. | D062487 |
| REBECCA CROW, | |
| Respondent, | (Super. Ct. No. DN54638) |
| v. | |
| MARTIN OWEN, | |
| Appellant; | |
| SAN DIEGO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County,

Keri G. Katz, Commissioner.  Reversed and remanded with directions.

Stephen Temko and Dennis Temko for Appellant.

No appearance for Respondent Rebecca Crow.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez, Jessica Foster and Ricardo Enriquez, Deputy Attorneys General, for Respondent San Diego County Department of Child Support Services.

Martin Owen appeals from an order setting payment on child support arrears. He contends the family court abused its discretion because it erroneously believed it had to order a monthly payment of at least the interest owed on the arrears. Alternatively, he contends the evidence did not support his ability to pay the amount ordered. We conclude the court abused its discretion by using the wrong legal standard. Accordingly, we do not reach his second argument.

FACTUAL AND PROCEDURAL BACKGROUND

Martin and Rebecca divorced in 1990. They have four children, the youngest turned 18 in 1999. In 2007, the trial court ordered Martin to pay child support arrears at a rate of $850 per month. In 2012, the San Diego County Department of Child Support Services (Department) moved to increase the arrears payment to at least $10,000 per month. The Department stated that Martin owed at least $1,247,436.93, and that interest was accruing at a rate of $4,690.39 per month. Martin opposed the motion arguing, among other things, that he was unable to pay the ordered support at the time of the divorce, but he never sought a downward modification of the support order. He filed an income and expense declaration, attaching his 2011 individual tax return. He represented that he had a federal tax obligation of $174,958 and a state tax

2

obligation of $6,000. On these obligations, he was paying a monthly amount of $3,821 and $300, respectively.

The family court determined that Martin transferred real property to his current wife in 2010 to avoid his support obligation. It further found that Martin had moderate medical expenses, and that both parties support additional family members. The family court believed that Martin had more available income than indicated in his tax return, that his expenses were high and if those were reduced, additional money existed for support.

The family court then stated the following:

> "[T]he law require[d] [it] to make a meaningful payment. The way we define meaningful payment is that which is to cover the interest. In this case interest is 4680.
>
> "[¶ . . . ¶]
>
> "I have to look what the law is. The law is a meaningful payment. I can base a meaningful payment, that's 4680, so I believe I am required under the law based on what I see to add on meaningful 4680 and not a cent more. I would require more, but I believe that the medical expenses, the loss of your job has affected your ability to make some payments.
>
> "I also, without any briefing, I do believe that you do have these tax obligations, which I don't know whether they can be negotiated, and I do believe child support due is a superior obligation, but that hasn't been received, and that question is open to my analysis. I don't know the answer to that off the top of my head.
>
> "So I believe the . . . order is 4680 under the law per month. I am basing that on, I don't want to keep this going, but I am basing that on the fact I believe this child support obligation is superior.
>
> "So I am going to make the order that you should pay 4680, which is the interest due monthly."

Because the family court had not heard from the parties regarding the priority of Martin's debts, it requested briefing and set an additional hearing to address that issue. Martin timely appealed.

DISCUSSION

Courts have no discretion to waive or forgive any part of a support arrearages debt. (Fam. Code, § 3651, subd. (c); *County of Santa Clara v. Wilson* (2003) 111 Cal.App.4th 1324, 1327 ["retroactive modification of accrued child support arrearages is statutorily barred"].) Courts, however, have "'equitable discretion to determine whether and to what extent the original support provision should be enforced by execution.'" (*Id.* at p. 1326; Fam. Code, § 290.) A failure to exercise discretion when called upon to do so is an abuse of discretion. (*Kim v. Euromotors West/The Auto Gallery* (2007) 149 Cal.App.4th 170, 176.)

Here, the family court believed the law required that it order Martin make meaningful payments, which it defined as the amount necessary to cover accruing interest. The Department cited no authority to support the family court's conclusion that the law required it to issue an order in the amount necessary to cover accruing interest, nor have we found such authority. We reject the Department's assertion that we should affirm the order because the record supports a conclusion that the family court exercised its discretion to impose the maximum it believed Martin had the ability to pay. Even assuming the family court considered some evidence regarding Martin's ability to pay the arrearages, it repeatedly stated that "the law" required it to order a

4

meaningful payment in the amount of interest owed.  Thus, it ultimately used the wrong legal standard in deciding the payment amount.

Accordingly, we remand the matter to enable the family court to exercise its discretion to determine whether and to what extent the support arrearages debt should be enforced by execution.  (*County of Santa Clara v. Wilson*, *supra*, 111 Cal.App.4th at p. 1326.)  In exercising its discretion, the family court may take the equities of the situation into account.  (*In re Marriage of Dancy* (2000) 82 Cal.App.4th 1142, 1154.) On remand, the court must determine whether Martin's state and federal tax obligations take priority to determine his net income.  After a net income is determined, the court can then exercise its discretion to determine a monthly payment amount.

## DISPOSITION

The order is reversed.  The matter is remanded to the trial court with directions to conduct another hearing in accordance with the views expressed herein.


McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

McDONALD, J.

5