Filed 6/18/14  Marriage of Sanidad CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of ELVIRA and RENATO SANIDAD. | D063885 |
| ELVIRA SANIDAD, | |
| Petitioner and Respondent, | (Super. Ct. No. D256058) |
| v. | |
| RENATO SANIDAD, | |
| Respondent and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Edlene C. McKenzie, Judge.  Affirmed.

Renato Sanidad, in propria persona, for Appellant.

Elvira Sanidad, in propria persona, for Respondent.

Appellant Renato Sanidad appeals from a postjudgment order that established the amount of arrearages owing on a 1989 child support order made in the dissolution action between Appellant and his former wife, Elvira Sanidad, the Respondent.  (Fam. Code, § 290 ["A judgment or order made or entered pursuant to this code may be enforced by

the court by execution . . . , or by any other order as the court in its discretion determines from time to time to be necessary"]; all further statutory references are to this code unless noted.)

Representing himself on appeal, Appellant contends the family court erred as a matter of law in granting Respondent's motion for such relief. He argues that the terms of the underlying 1989 support order provided it should be payable out of a trust fund, which was depleted, and that by implication, no further support obligation remained. He also contends the support order failed to expressly name him as the obligor, and that since he has no assets except for federal disability benefits, he should not owe anything for child support. (*In re S.M.* (2012) 209 Cal.App.4th 21, 29-30 [purpose of the supplemental security income (SSI) program is to assure a minimum level of income for the indigent disabled, etc.]; *Schweiker v. Wilson* (1981) 450 U.S. 221, 223.)

The record does not show that Appellant ever filed a motion to modify or reduce the amount of monthly support payable to Respondent, prospectively. (§ 3651, subd. (c) [generally providing that a support order may not be modified or terminated as to an amount that accrued before the date of filing of a notice of motion or order to show cause to modify or terminate]; § 3653, subd. (a) [similar].) In the case of an existing child support order, a court's equitable powers with respect to support cannot extend beyond enforcement of judgment decisions, and such equitable powers may not be used to violate otherwise applicable child support statutory provisions. (*County of Santa Clara v. Wilson* (2003) 111 Cal.App.4th 1324, 1327 (*Wilson*).)

On the present record, Appellant can show no legal error or abuse of discretion in the orders establishing arrearages. We affirm.

I

*CONTENTS OF CURRENT RECORD*

In support of her October 2012 motion to establish the amount of Appellant's child support arrears, Respondent provided a copy of the underlying support minute order after trial, dated February 10, 1989, and the formal order dated April 18, 1989 ("Findings and Order After Trial on Reserved Issues"). Appellant was incarcerated at the time of the February 1989 hearing, but his attorney was present at that time. Although Appellant claims that while he was incarcerated, "they" never served me with the April 18, 1989 order, he was then represented by counsel, and we need not address that argument.

Together, the 1989 orders gave sole custody of the two children to Respondent, and set child support at $125 per month, for each of the parties' then minor children, effective March 1, 1989. The order divided certain funds that were being held in a trust account, leaving a balance of $4,944.66 plus interest, and stated, "Said balance shall be used as security for child support to be paid to [Respondent]," as ordered, until those funds were exhausted. This trust fund was in the custody of Respondent's trial attorney, who continued the payments until 1990.

In support of her motion for a judicial determination of Appellant's child support arrearages and for an order setting monthly payments, Respondent provided calculations of the amounts due. She attached to her declaration computer-generated papers that were prepared using software licensed to the superior court, apparently from the court's family

3

law facilitator's office. Her declaration thus calculated that Appellant owed her $85,547.11 in child support arrears, for the periods in which the children were under 19 or had not graduated from high school.

The hearing was initially scheduled on January 17, 2013, and was continued by the court to February 21, 2013, to give the judge an opportunity to review all the court orders in the dissolution file.

Appellant filed opposition to the motion, stating that he did not believe he owed any arrears, and he requested a determination accordingly. His declaration attached Department of Corrections records showing he was in prison from 1988 through 1993. He also attached Social Security records showing that since 1994, he had been receiving SSI due to his mental illness. His declaration stated that the trust account was exhausted after 20 months, or by October 1990, while he was still incarcerated.

In his brief, Appellant states both parties testified by telephone at the continued hearing. No reporter's transcript was designated as part of the appellate record. According to Appellant's brief, the family court judge told him at the hearing that he should have requested child support modification after he was released from prison, and she questioned him about his source of income and personal expenses.

In the February 26, 2013 "Findings and Order After Hearing," the court ruled that "the April 18, 1989 order for child support of $125 per month per child effective March 1, 1989, paid by [Appellant as the respondent] was the order and that it doesn't state the support would terminate once the funds were depleted from the trust account." The arrearages were set at the principal amount of $32,500 and the interest amount at

4

$53,079.11.  Appellant was ordered to pay Respondent $20 per month on the arrears, with the court reserving jurisdiction over increasing the amount of the payments if it was determined that Appellant could pay more per month.  He appeals.

## II

## *APPLICABLE STANDARDS*

### A.  Rules of Review

" 'A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.' "  (*In re Marriage of LaMusga* (2004) 32 Cal.4th 1072, 1093.)  An appellant has the burden of showing that error or a prejudicial abuse of discretion occurred.  (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1291.)

It is well established that "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules."  (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)  For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.  [Citations.]' "  (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  "We are not bound to develop appellants' argument for them.  [Citation.]  The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived."  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

B. Standards for Enforcement of Child Support Obligations

If the initial child support award had been brought before an appellate court, it would have been reviewed for abuse of discretion and whether the court's factual determinations were supported by substantial evidence. (*In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1360, 1366; *Brothers v. Kern* (2007) 154 Cal.App.4th 126, 133-134.) There is no showing that any appeal was taken from the 1989 orders.

Under section 3651, subdivision (c)(1), a trial court may not modify or terminate a child support order, "as to an amount that accrued before the date of the filing of the notice of motion . . . to modify or terminate." "The Legislature has established a bright-line rule that accrued child support vests and may not be adjusted up or down. [Citations.] If a parent feels the amount ordered is too high--or too low--he or she must seek prospective modification. [Citations.] Accordingly, a trial court has no discretion to absolve an obligor of support arrearages, or interest thereon." (*In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 625-626 (*Tavares*).)

Thus, where there is an existing child support order with accrued arrearages, enforcement of judgment rules apply. The arrearages are treated like money judgments that may not be retroactively modified. (*Tavares, supra,* at p. 628; § 290.)

Generally, the trial courts must exercise "an informed and considered discretion" with respect to child support obligations, and must not " 'ignore or contravene the purposes of the law regarding . . . child support. [Citations.]' " (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282-283 quoting *County of Stanislaus v. Gibbs* (1997) 59 Cal.App.4th 1417, 1425; § 4053 [each parent should support child to extent of

6

ability].)  However, a trial court retains some equitable discretion in determining the extent to which originally ordered support provisions should be enforced, so long as those powers are not exercised in a manner that would be inconsistent with the child support statutes.  (*Wilson, supra*, 111 Cal.App.4th 1324, 1326-1327.)

III

*CONTENTIONS ON APPEAL; ANALYSIS*

Appellant argues on several grounds that the family court committed legal error in making the arrearages order and payment schedule.  (See, e.g., *In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 318 [where a judgment is facially not in compliance with statutory requirements, it is subject to reversal for further proceedings in conformity with those statutes].)  He contends the 1989 support order indicated child support would be paid out of the balance in the trust fund, until exhausted, and this provision meant that he did not have to pay any child support when those funds ran out.  However, the text of the 1989 orders does not support his argument.  Although the orders provided security for the child support owing, in the form of the funds in the trust account, they did not separately provide for any termination of the support obligation.  It was a reasonable interpretation of the orders to conclude that they do not provide for a termination date, and none had arisen by operation of law, other than the children attaining majority.

We also note that Appellant has no basis to argue the family court "added" to the 1989 orders, by interpreting them as meaning support would be "paid by the respondent," including arrearages.  He claims the support order "does not indicate anything about the party [respondent/Appellant] Renato as being ordered to pay child support."  This is a

7

blatant misinterpretation of the order, because in context, it clearly references Appellant as the obligated party (as the respondent and noncustodial parent below). The trial court reasonably interpreted the order for child support as applicable to the noncustodial parent, Appellant.

Appellant also seems to claim on appeal that Respondent must have waived any right to enforce child support, by waiting a number of years after his release from prison to bring her motion to establish an arrearages amount. Waiver is the relinquishment of a known right. (*In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 641.) He did not make such an argument below, and the family court was given no basis to find that Respondent had waived her rights to enforce the obligations of Appellant, as they stood in their existing form.

Appellant now cites to section 4055 and the child support guidelines, as supporting his claim that based on his zero income and zero assets while he was incarcerated from 1988 to 1993, his calculated child support amount should have been zero. He relies on current law, section 4007.5, enacted in 2010, to argue "the law does not allow incarcerated inmates who have no assets, to pay child support while incarcerated for more than 90 days because of inability to pay child support obligations."

However, Appellant has not shown he pursued any relief from his support obligations at the time of the incarceration or the release, and thus the orders remained unmodified and interest continued to run. (See *El Dorado County Dept. of Child Support Services v. Nutt* (2008) 167 Cal.App.4th 990, 993-994.) These observations of the court in *El Dorado County* apply here: "Though perhaps unlikely, it is not impossible that

8

[Appellant] will have the ability or opportunity in the future to generate an income with which he may provide some support or health insurance for his child. The court did not err in finding he has an obligation to do so, even if that obligation cannot be satisfied now." (*Id*. at p. 994; *In re Marriage of Smith* (2001) 90 Cal.App.4th 74, 82-84.) The trial court properly interpreted the existing order.

Finally, to the extent Appellant argued to the trial court and continues to claim that his SSI payments should be statutorily exempt from levy for child support, those are issues that could have been but were not raised in a modification request. (See *In re Marriage of Hopkins* (2009) 173 Cal.App.4th 281, 287-288; *In re S.M.*, *supra*, 209 Cal.App.4th 21, 29-30; *Elsenheimer v. Elsenheimer* (2004) 124 Cal.App.4th 1532, 1539-1541; § 17450, subd. (c)(2).) Under the current procedural posture of this case, neither the trial court nor this court has the discretion " 'to absolve an obligor of support arrearages, or interest thereon.' [Citation.] . . . 'The Legislature declares state public policy, not the courts. [Citation.] . . . The Legislature has . . . determined equity is not served by retroactive modification of support orders, where simplified procedures are available for prospective modification. [Citation.] We may not second-guess these determinations.' " (*In re Marriage of Gruen, supra*, 191 Cal.App.4th 627, 639; italics omitted.)

Appellant has failed to support any of his claims that under the child support statutory scheme, the family court erroneously interpreted or enforced the underlying orders. (*Maria P. v. Riles*, *supra*, 43 Cal.3d 1281, 1295-1296.) We express no opinion

9

upon the validity of any future motion he might pursue about the availability of any modification or related remedies.  (*Wilson*, *supra*, 111 Cal.App.4th 1324, 1327.)

DISPOSITION

The orders are affirmed.  Each party shall bear its own costs on appeal.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

10