Filed 12/16/15  Tubiolo v. Tubiolo CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHELLE D. TUBIOLO,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>RICHARD TUBIOLO,<br><br>        Defendant and Respondent. | A144646<br><br>(Alameda County<br>Super. Ct. No. RF03094158) |

Michelle Tubiolo (Mother) appeals from the trial court's order denying her motion to vacate an addendum to a prior judgment in this marital dissolution proceeding.  We conclude the trial court erred in failing to vacate the addendum as a void modification to the court's child support order, because the addendum excused respondent Richard Tubiolo (Father) from paying accrued support arrearages, in violation of section 3651, subdivision (c)(1) of the Family Code ("Section 3651(c)(1)").

BACKGROUND

The parties were married in March 1999 and had a son together who was born in May 2000.  The parties separated thereafter, and Mother filed for dissolution in April 2003.  A judgment of dissolution was entered in May 2006 based on the parties' martial settlement agreement ("Judgment").  The Judgment required Father to pay monthly child support payments of $250 and to make an annual contribution of $1,200 to his son's college education account.

1

On January 15, 2013, the trial court approved and entered as an order of the court the parties' stipulation modifying the child support provisions in the May 2006 Judgment and addressing support arrearages ("Addendum"). In the stipulation, Mother and Father agreed neither party had a child support obligation to the other because both earned comparable incomes. Mother and Father also agreed "that any and all outstanding arrears debt and/or related interest incurred by the other party prior to the effective date of this addendum will be waived in its entirety. This addendum absolves any such indebtedness for both parties."[1]

In August 2014, Father filed a motion seeking child support from Mother. In January 2015, Mother filed a motion to vacate the January 2013 Addendum. The trial court denied the motion, concluding the Addendum "is not void on its face such that the Court could set it aside at this late date." This appeal followed.

DISCUSSION

On appeal, Mother contends the trial court erred in failing to set aside the Addendum under section 473, subdivision (d) of the Code of Civil Procedure, which authorizes the court to "set aside any void judgment or order."

Mother contends the trial court was without jurisdiction to make the Addendum because it was in violation of Section 3651(c)(1), which provides that "a support order may not be modified or terminated as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate." As used in the statute, " '[a]ccrued' means 'past due.' " (*In re Marriage of Sabine & Toshio M.* (2007) 153 Cal.App.4th 1203, 1212 (*Marriage of Sabine*).) The statute "applies whether or not the support order is based upon an agreement between the parties." (§ 3651, subd. (e); see also *Marriage of Sabine*, at p. 1212.) It is well-established that Section 3651(c)(1) "precludes a trial court from modifying or forgiving accrued support payments—arrearages." (*Marriage of Sabine*, at p. 1213.) Mother argues the January

---

[1] In a January 2015 declaration opposing Mother's motion to vacate, Father admitted he stopped making the $250 child support payments when he became unemployed in October 2006.

2013 Addendum violated Section 3651(c)(1) because it plainly excused Father from paying child support amounts that had already accrued since the May 2006 Judgment.

Our determination of whether the order is void on its face for lack of jurisdiction must be "limited to a consideration of matters which appear in the judgment roll or are admitted by the parties." (*Phelan v. Superior Court* (1950) 35 Cal.2d 363, 372–373; accord *Harley v. Superior Court* (1964) 226 Cal.App.2d 432, 437 ["[T]o be attackable collaterally for lack of jurisdiction the judgment must be void on its face, and it is not void on its face unless the record affirmatively shows that the court was without jurisdiction to render the judgment [citations]. The record is the judgment-roll and upon collateral attack is the only evidence that can be considered in determining the question of jurisdiction. Extrinsic evidence is wholly inadmissible, even though it might show that jurisdiction did not in fact exist."].)[2] "[E]very presumption is in favor of the validity of the judgment or order of a court of general jurisdiction, and any condition of facts consistent with its validity and not affirmatively contradicted by the judgment roll will be presumed to have existed." (*Phelan*, at pp. 373–374.)

At the outset, Father contends Section 3651(c)(1) only applies to "arrears that have been determined (i.e. calculated or 'set')." He asserts, "if the arrears have been calculated, and if there is a court order that has 'set' the arrears, then a subsequent order cannot disturb the previous order. However, if the arrears have not been calculated, and there is no order setting arrears, then an order or agreement, subsequent to the original support order, may set those arrears. Setting the arrears, if they have not been set, is not the modification of a support order prohibited by" Section 3651(c)(1). We reject that contention, which lacks any support in the statutory language or caselaw. As explained in *Marriage of Sabine*, *supra*, 153 Cal.App.4th at p. 1212, Section 3651(c)(1) prohibits the modification of accrued arrearages, meaning arrearages that are " 'past due.' "

---

[2] The judgment roll includes "the pleadings, all orders striking out any pleading in whole or in part, a copy of the verdict of the jury, the statement of decision of the court, or finding of the referee, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment . . . ." (Cal. Code Civ. Proc. § 670.)

Respondent provides no basis for an additional requirement that the amount of the arrearages have been determined by a court before they can be considered past due.

Father also contends the Addendum is not void on its face because the underlying stipulation was an accord and satisfaction. This argument is based on language in *Marriage of Sabine*, *supra*, 153 Cal.App.4th at p. 1214, explaining that Section 3651(c)(1) does not prohibit a trial court from "determining whether any arrearages exist and, if so, the amount due" or preclude parties from "settling all disputes that might affect the calculation of arrearages." Thus, " 'When a dispute, having the ring of truthfulness on each side, arises, concerning an amount due under an obligation, as in a case where . . . an agreement is . . . made to accept a lesser sum in full satisfaction of the amount [in controversy], the obligation is cancelled by a tender and acceptance of the lesser sum in full payment.' " (*Marriage of Sabine*, at pp. 1214–1215.) Father argues the stipulation underlying the January 2013 Addendum was such an accord and satisfaction because the amount of the arrearages had not been determined and because, in December 2012, Father sought child support from Mother.[3]

We reject Father's argument. *Marriage of Sabine* cautioned that "an accord and satisfaction requires the existence of a bona fide dispute concerning the debt." (*Marriage of Sabine*, *supra*, 153 Cal.App.4th at p. 1215.)[4] There, the court of appeal concluded there was no bona fide dispute that permitted a reduction in the arrearages. The court reasoned, "[Husband] did not deny the existence of the arrearages, question the meaning of the Judgment, or raise any issue concerning the amount he owed. Nor did he contend

---

[3] Father's brief in one place refers to an August 2012 motion for child support, but Father's declaration admits the motion was filed in December and elsewhere the brief refers to the December filing.

[4] "An accord and satisfaction is the substitution of a new agreement for and in satisfaction of a preexisting agreement between the same parties. The usual purpose is to settle a claim at a lesser amount. [Citations.] The elements of an accord and satisfaction are: (1) a bona fide dispute between the parties, (2) the debtor sends a certain sum on the express condition that acceptance of it will constitute full payment, and (3) the creditor so understands the transaction and accepts the sum." (*In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049, 1058.)

4

that the Judgment was invalid or void as a result of extrinsic fraud, lack of service of process, or any other reason.  Quite simply, [husband] offered [wife] less than one-third of the arrearages in exchange for a release as to the rest.  We fail to see how this resolved a bona fide dispute." (*Id.* at p. 1215.)

Similar reasoning applies in the present case.  The judgment roll affirmatively demonstrates Father was required to pay Mother $250 in monthly child support starting in May 2006.  Further, Father admitted in his January 2015 declaration in opposition to Mother's motion to vacate that he stopped making those monthly payments when he became unemployed in October 2006.  Nothing in the judgment roll or in the parties' admissions raises even the possibility that, as of January 2013, Father owed Mother *nothing* for the over five years that he did not pay child support.  Although there may be situations in which a settlement waiving all arrearages constitutes the resolution of a bona fide dispute, Father does not suggest any circumstances that could have excused him from paying child support those years.  We conclude the trial court erred in concluding the Addendum is not void on its face.[5]

## DISPOSITION

The trial court's order denying Mother's motion to vacate is reversed.  On remand, the court is directed to grant the motion and to conduct further proceedings consistent with this decision.  Mother is awarded her costs on appeal.

---

[5] We express no opinion on the proper result of any effort to enforce the Judgment.  (See *County of Santa Clara v. Wilson* (2003) 111 Cal.App.4th 1324, 1326 ["Although a court may not 'disturb the accrual of payments under the original [child support] judgment,' it does have some equitable powers regarding the enforcement of the judgment."].)

_____

SIMONS, Acting P.J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

(A144646)

6