Filed 7/30/21  County of San Diego v. C.B. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN DIEGO,<br><br>    Petitioner,<br><br>    v.<br><br>C.B.,<br><br>    Respondent;<br><br>S.W.,<br><br>    Appellant. | D076732<br><br><br>(Super. Ct. No. DF199495) |

APPEAL from an order of the Superior Court of San Diego County, Pennie K. McLaughlin, Commissioner.  Affirmed.

S.W., in pro. per., for Appellant.

Law Office of Linda Cianciolo and Linda Cianciolo for Respondent.

No appearance for Plaintiff.

After the County of San Diego Department of Child Support Services (DCSS) filed a motion for modification of a child support order against C.B. (Father), mother S.W. (Mother), Father, and DCSS reached a stipulated

agreement about the payments on August 16, 2017, which the court approved. In February 2019, Mother filed a motion asking the court to set aside that agreement because, she alleged, Father had underreported his income and had failed to inform DCSS or the court about a change in his employer around the same time or shortly thereafter. At the August 20, 2019 hearing, the court denied Mother's motion to set aside the August 16, 2017 stipulated order and also denied Mother's request for sanctions against Father. It issued sanctions against Mother for her lack of cooperation with opposing counsel resulting in an unnecessary escalation of costs and for her "less-than-respectful conduct." Mother appeals this order, contending the court erroneously denied her set-aside request and wrongly sanctioned her. She also seeks sanctions against Father.

We have reviewed the record supplied by both parents,[1] and we conclude the court did not abuse its discretion in denying Mother's request to set aside the August 16, 2017 stipulated order or in imposing sanctions against Mother. Accordingly, we will affirm.

I

BACKGROUND AND PROCEDURAL FACTS

In June 2017, DCSS filed a motion against Father for a modification of a child support order that had initially been entered in November 2010. The hearing was set for August 16, 2017. Father's declaration explained that he received a base salary of $8,332 plus average monthly commissions of $465, and he asked the court to use $8,797 gross taxable income as the basis for calculating child support. He attached pay stubs from Hewlett Packard

---

[1] We grant Father's unopposed motion to augment the record, filed July 21, 2020.

2

Enterprise Co. from June 1 through July 31, 2017 that corroborated the income amount in his declaration.

On August 16, 2017, the parties entered a stipulation that identified Father's gross income to be $9,948 per month, ordered Father to pay $1,357 per month in child support, and required both parents to notify DCSS of changes in addresses, income, or employment within 48 hours of the change.

On March 21, 2018, DCSS filed a motion to modify child support. Father asked the court to use a base salary of $8,916 per month plus $2,934 per month of average commission payment for a total of $11,850 to calculate child support. In his declaration, he explained that his division at Hewlett Packard had merged with EntCo Government Software LLC (EntCo) after the hearing for modification in August 2017. His corresponding paystubs were issued by EntCo. Father's employee identification number did not change.

On May 16, 2018, the court determined Father's gross income was $11,109, and it ordered him to pay child support of $1,424 effective May 1, 2018. The court also ordered Father to file and serve his 2017 W2 forms and to provide his 2018 W2 prior to the next court hearing.

Two days later on May 18, Mother requested a change in child support. On her attached income and expenses declaration, she noted that her employment was terminated in May 2018, and she provided as evidence a March 23, 2018 letter from her employer providing its notice of intent to terminate her employment. But on June 5, 2018, Mother sent an email to Father's attorney seeking his support in withdrawing her motion for a modification in child support and having it taken off calendar. She sent counsel an email June 11 stating she had the June 19 hearing taken off calendar. On June 12, Father's attorney emailed Mother to say the motion

was still on calendar as of that morning; there was no notice or request to take the motion off calendar. Mother replied that she had spoken with a DCSS attorney who said the motion would remain on calendar, but that the DCSS attorney would inform the court at the time of the hearing that both parents agreed to take the motion off calendar.

Mother did not take the motion off calendar, and Father's attorney did not appear at the June 19, 2018 hearing, but Mother did. The court continued the matter to July 25, 2018.

Father's attorney provided Mother with his 2017 W2 statements on July 17, 2018.

On July 25, 2018, the court issued an order finding that Father's gross monthly income was $11,109 and ordering him to pay child support of $1,550 per month, effective August 1, 2018. The court set the next hearing for October 2018.

In advance of the October 2018 hearing, Mother sought sanctions against Father. She argued that Father was a no-show for the July 2018 hearing and "didn't even call or notify the Courts that he was not going to show up." She also argued Father had misrepresented his 2017 income because he received two W2s that year, totaling $164,387.10, and she alleged he had not provided that information to DCSS, as he was required to do because he had a change in employment. She further maintained that Father's August 1, 2017 income and expense declaration showed a gross monthly income of $8,332, which fell below the final gross monthly income reported on W2s for that year. She claimed this proved perjury. The court's October 30, 2018 order took no new action and set the next hearing for January 23, 2019.

4

In advance of the January 2019 hearing, Father filed a declaration outlining his 2018 income and notifying the court of new employment, which began January 7. He explained his new base salary was $140,000, and he was eligible to earn a target incentive of up to $140,000 depending on his sales of the products. He also disclosed a signing bonus. He requested sanctions against Mother, contending she made false statements in May 2018 when she requested a modification of child support two days after a hearing, and she behaved inappropriately at the May 2018 hearing. He also argued she had attempted to subvert the court process by informing his attorney she would take her May 18 request for modification off calendar but then showing up at the hearing and asking to proceed. Mother opposed the request for sanctions, and the parties agreed to continue the hearing to March 27, 2019.

On February 11, 2019, Mother filed a motion for attorney fees and asked the court to set aside the August 16, 2017 stipulation and order based on her claim that Father had underreported his income.

In March 2019, Father submitted a request for an *Ostler-Smith* order,[2] explaining that his income had always been based on wages and fluctuating commissions, and proposing that his pay stubs be forwarded on a quarterly basis so that Mother could be paid a percentage of the total commission income for that quarter based on that quarter's income and a proposed guideline child support chart. He also asked the court to deny Mother's request to set aside the stipulated child support order from 2017. He explained that the merger between Hewlett Packard and EntCo occurred on or about the filing of his 2017 income and expense report, not before, and that his salary remained exactly the same. He also argued that although he

---

[2] *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33 (*Ostler-Smith*).

received commission income after the hearing in 2017, that did not constitute a dramatic increase in income and so the court's order did not require him to report it. And he noted that he had attached year-to-date pay stubs to capture all commission he had earned, so the court had information about all his income to date and there was no fraud.

The same month, DCSS opposed Mother's request to set aside the August 16, 2017 stipulation and order. DCSS argued the time to challenge that order had lapsed under Family Code[3] section 3691 and maintained Mother did not provide proof of perpetrated fraud or demonstrate that Father acted in some way to prevent her from fully participating in and adequately litigating the issues, a required element for proving fraud. (See § 3691, subd. (a).) DCSS also opposed any request to modify child support retroactively beyond the period of time reserved, noting courts do not have equitable power to retroactively modify child support arrearages and citing *County of Santa Clara v. Wilson* (2013) 111 Cal.App.4th 1324, 1327.

At the hearing on March 27, 2019, the court found Father's monthly gross income to be $11,667 and ordered monthly child support payments of $1,535, effective January 1 of that year. The court reserved jurisdiction to modify child support for May through December 2018, ordered Father to pay a percentage of his commission and bonus wages and to provide quarterly paystubs to determine the proper percentage of commission and bonus payments. The court also ordered additional discovery to be exchanged and continued the matter to June 5, 2019 for the additional discovery.

On May 20, 2019, Mother filed a motion for sanctions and attorney fees and costs. She argued that Father had been underreporting his income for

---

[3]     Further unspecified section references are to the Family Code.

years, and that his income and expense reporting was incomplete because he had not reported his commissions in 2017 and 2018.[4]

There was a court hearing June 4, 2019 to address discovery issues. At that hearing, the court explained it could only base child support on base income and the court could set a year-to-date amount, but Mother could be entitled to more money than what the court would be able to set because Father could end up making more money. The court noted that, taking into consideration the *Ostler-Smith* sums, Mother was receiving a monthly average of $2,335 for child support. The court explained that Mother was filing a lot of motions, but they would not result in more child support money because Mother was already receiving *Ostler-Smith* funds, and the county could not enforce that because the court could not put bonus income into the calculation. The court further explained that the parties agreed on their own that Father would pay a percentage of his bonus income already, so even though Mother was asking the court for additional funds based on her assessment that his income ended up being higher than initially reported, Mother was already receiving those extra funds through the *Ostler-Smith* agreement. The court explained that it could not make the change because the past amount paid was an amount Mother had agreed to. Either the court could use a year-to-date approach, eliminating the use of quarterly commission payments, or it could do what it was doing here. The court told Mother that the first motion to set aside the August 16, 2017 order for alleged fraud was not made until February 2019, even though Mother's declarations showed she believed in 2018 that the 2017 income was

---

4       The paystubs Father submitted in August 2017 included his regular earnings and his commissions.

7

underreported and even though Mother had filed for changes to child support in May 2018.

Mother told the court she did not know she was supposed to file a motion to make the allegation about Father underreporting his 2017 income, and she acknowledged that the support amount moving forward was correct. The court responded that it would be difficult to find that Mother had acted in a timely manner because she believed in 2018 that Father had underreported his 2017 income but did not file a motion regarding that allegation until 2019. Mother told the court she believed it was being biased, and the court interrupted her, but Mother kept talking until the court asked her to stop speaking and told her, "You don't just blurt out 'bias' because you think you're not getting your day in court." The court told her, "In light of the timing and the way that you knew about certain things and never brought it up until February of this year, I don't see a legal way that I can grant your request on the legal basis that you asked for it . . . . [¶] You're seeking the court to create past arrears based on income that wasn't considered, but you already—you had a chance to bring that up at an earlier time and you didn't." At the end of the hearing, the court vacated the June 5, 2019 hearing and continued the remaining issues to August 20, 2019.

On August 20, 2019, following a hearing, the court denied Mother's request to set aside the August 16, 2017 order because the court found the paystubs presented were not fraudulent. The court explained that using income realized later would amount to an illegal retroactive modification. The court told Mother, "So there's no time period in question in which a pending motion to modify was before this court to which you did not get the full extent of [F]ather's income accounted for. So there isn't any fraud. We have made corrections based on the latest up-to-date proof."

8

The court denied Mother's sanctions request against Father based on the alleged fraudulent activity, noting Mother had experienced no prejudice because the court adjusted the child support order dating back to May 1, 2018 to include every dollar of Father's income. The court also noted that Mother had received over $6,000 for additional child support in 2019 to date, which indicated the system was adequately addressing Father's additional income on a quarterly basis and ordered Father to continue the quarterly analysis of income. It sanctioned Mother in the amount of $1,000 for her failure to communicate with opposing counsel and her refusal to cooperate with opposing counsel, resulting in unnecessary escalation of costs, and for her "less-than-respectful conduct." The court also awarded Mother attorney fees, found that Father's monthly gross income was $19,730 and set the amount of child support at $2,244, effective monthly from May 1 through December 31, 2018.

Following entry of this order, Mother timely appealed.

II

DISCUSSION

Mother contends that Father withheld income and employer information from an income and expense declaration in August 2017 and that his failure to report a change in job and income constituted fraud. She seeks alleged past child support, from 2015 through 2018 plus 10 percent interest, attorney fees, and $20,000 in sanctions for alleged perjury.[5] She also suggests the court improperly sanctioned her. In essence, Mother contends the court erred by refusing to set aside the August 16, 2017 stipulation and

---

[5] Mother does not supply an explanation for why she is seeking past child support from 2015 through 2017. The order she challenges is a denial of her 2019 request to set aside an August 2017 stipulation and order.

9

order, by declining to impose sanctions against Father for the alleged fraud and perjury, and by imposing sanctions against her.

On appeal, we presume a trial court's order to be correct (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187), and the appellant bears the burden of demonstrating prejudicial error.  (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)  If the appellant cannot show error in the record, the presumption of correctness requires us to affirm the order.  (*Foust*, at p. 187.)

We review an order modifying child support for an abuse of discretion, and we will reverse such an order only if we discover prejudicial error in our review of the record.  (*In re Marriage of Williams* (2007) 150 Cal.App.4th 1221, 1233-1234.)  In reaching our determination, we consider whether the trial court's factual determinations are supported by substantial evidence.  (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 730-731.)  We ask whether any judge reasonably could have made the order; we do not substitute our judgment for the trial court or commissioner's.  (*Ibid.*)

Before we address the substance of this appeal, we note that Mother is a self-represented litigant on appeal and that she was self-represented in the hearing in which the order at issue was made.  "[A]s a party appearing in propia persona, [Mother] 'is entitled to the same, but no greater consideration than other litigants and attorneys.' [Citations.]"  (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*).)  "Matters not properly raised or that are lacking in adequate legal discussion will be deemed forfeited."  (*Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 600 (*Okorie*).)  "In other words, it is not this court's role to construct theories or arguments that would undermine the [order] and defeat the presumption of correctness. Rather an appellant is required to present cognizable legal argument in

10

support of reversal of the judgment. 'When an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary.' " (*Ibid.*) Issues that are not raised or supported by argument and citation to legal authority are forfeited. (*Ibid.*)

Mother's brief does not cite to any legal authority. She does not offer the elements or requirements of fraud or perjury and explain why Father's conduct meets those legal standards or why that would be sufficient to warrant sanctions against him. She likewise does not explain why the court had jurisdiction and authority to set aside the August 16, 2017 stipulation and order in light of her delay in filing a motion making that request, or otherwise argue her delay in alleging fraud was justified and permitted by law. And although she argues the court wrongfully sanctioned her, she does not identify or address the standard of review; she bases this argument on her view of the events without explaining why the court's findings of fact are unreasonable or unsupported by the evidence. Mother's failure to offer these legal arguments and to cite to legal authority in support of her contentions means she has forfeited them. (*Okorie*, *supra*, 14 Cal.App.5th at p. 600.)

Even if we were to consider the underdeveloped and incomplete arguments raised by Mother in this appeal, we would not conclude the court abused its discretion in denying Mother's requests to set aside or retroactively modify the August 16, 2017 stipulated order.

Section 3691, subdivisions (a) and (b) permit a court to set aside a child support order when there is evidence of fraud or perjury. For fraud to apply, the defrauded party must be kept in ignorance and, as a result of that ignorance, the defrauded party must be prevented from fully participating in the proceeding. (§ 3691, subd. (a).) The defrauded party must bring a motion

11

within six months of when the party did discover or reasonably should have discovered the fraud. (*Ibid*; see Code of Civ. Proc., § 473, subd. (b) [setting six-month time limit].) Similarly, for a perjury claim, a motion must be brought within six months of discovering the perjury or within six months of when the perjury should reasonably have been discovered. (Fam. Code, § 3691, subd. (b); see Code of Civ. Proc., § 473, subd. (b).)

In November 2017, Mother emailed Father's attorney and accused Father of falsifying employment and income information with the court. In February 2018, Mother claimed Father had underreported his income based on pay stubs showing two different employers, and she requested a copy of his 2017 W2 for proof of actual income. And in March 2018, in a response to a declaration filed by Father, Mother accused Father of lying on his 2017 income and expense declaration, citing a change of employment that resulted in a change of health care insurance for their child. But she did not file any motion with the court asking it to set aside the August 2017 order at that time; nor did she make the request within six months thereafter. She also did not raise the issue in connection with her own motion to modify child support, which she filed May 18, 2018, or file a motion after receiving husband's 2017 W2s on July 17, 2018. Thus, even assuming Mother is correct in arguing that Father committed fraud by underreporting his 2017 income, because she did not file a motion asking the court to set aside the August 16, 2017 order until February 11, 2019, more than six months past the date she should have known about any alleged fraud, the court had no authority to set aside the order. (See § 3691, subd. (a).)

We recognize that Mother was representing herself throughout 2018 and has claimed she did not know she needed to file a motion to that effect, but courts are not authorized to give her any greater consideration as a self-

12

represented party than we would afford any other litigants and attorneys. (*Tanguilig*, *supra*, 36 CalApp.5th at p. 520.)  Thus, we cannot conclude the court abused its discretion by denying the request to set aside the August 16, 2017 order based on Mother's untimely request.

Further, even had Mother timely filed a motion seeking a set aside of the August 2017 order based on fraud or perjury, she has not supplied evidence of extrinsic or intrinsic fraud.  Actual or extrinsic fraud occurs when a party "was kept in ignorance or in some other manner, . . . was fraudulently prevented from fully participating in the proceeding." (§ 3691, subd. (a); *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471.)  Mother does not explain why she suffered from fraud here.

The commissioner reviewed the information supplied by the parties, and there is no evidence that the pay stubs or income and expense declaration were inaccurate on August 1, 2017, the date on which the materials were supplied to the court.  Father's June 1 through July 31, 2017 pay stubs corroborated his August 1 declaration.  Mother argues that Father knew at the time of the hearing that his company would be merging with another in the coming weeks and did not disclose that information.  But she supplies no legal argument for why he was obligated to do so, and there was no hearing in August 2017 in which he presented this information to the court and the court made its own findings about Father's income because the parties stipulated to the child support terms.

Mother implies that Father's failure to report the change in ownership of his division of employment led to fraudulent pay information, but there is no evidence in the record that Father was not employed by Hewlett Packard on August 1, 2017, the date he signed and submitted his income and expense report and corresponding declaration.  And even taking into consideration the

13

change of employment evidenced by a new medical insurance card provided to Mother in September 2017, Father has stated that did not occur before his August 1, 2017 declaration, and Mother supplied no proof indicating that there was a change of employment or a change in income dating back to August 1, 2017. In other words, there is no evidence in the record that Father lied about his income on the date he reported it.

We have reviewed the pay stubs and the W2 forms supplied in the record, which show that Father's gross wages as $64,262 from Hewlett Packard in 2017 and $100,124 from EntCo the same year.[6] Although there is no evidence that Father knew on August 1, 2017 that he would earn more money in the last four months of the year than he earned in the first eight months of the year, if his employment with EntCo began on September 1, 2017, Mother is correct that Father was obligated to report the increase in income under the stipulated order dated August 16, 2017.[7] However, Father's failure to do so was not fraud because the information reported was accurate that time he reported it. Further, as the commissioner explained, there was no evidence of a change in base salary, so there is no evidence

_____

[6]     We note Mother's opening brief refers us to several exhibits by number that do not match the attached exhibits, which are designated by letter, or the Clerk's Transcript, which has no exhibit number designations.

[7]     Father told the court his employer's name changed in 2017 due to a company merger. The W2 forms indicate Hewlett Packard and EntCo Government Software LLC have different state and federal employer ID numbers; however, the pay stubs show the same employee ID number for both. Father argues that his income did not increase as a result of his change in employer.

14

Mother was prejudiced by Father's failure to report the change.[8]  The fact that an order turns out to have been inadequate due to later circumstances is not a sufficient reason to set it aside; a party must move to modify the order of support.  (§ 3692; *In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 626.)

Because there is substantial evidence to support the commissioner's factual conclusions, we cannot find the court abused its discretion by determining that there was no evidence of fraud or perjury.

Finally, we note that sanctions are not available to Mother.  (Code of Civ. Proc., § 907 [appellate sanctions available for frivolous appeals]; Cal. Rules of Court, rule 8.276(a) [listing bases for issuing sanctions].)  And as the non-prevailing party, she is not entitled to attorney fees.  (Cal. Rules of Court, rule 8.278(a)(1).)

---

[8]    While it would have been proper to report the change in employer name to DCSS, nothing in the record suggests this impacted the county's ability to use a wage assignment to collect Father's support payment.  Thus, the change here did not prejudice Mother.

DISPOSITION

The August 20, 2019 order is affirmed.  Costs awarded to Father on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.